UNITED STATES, ex rel., Willie Frances HALL, Galina Oberemok, Victor Bryant, David Grant, and Rebecca Johnson, Plaintiffs,

v.

Dr. Sophia SCHWARTZMAN and the Brooklyn Hospital Center, Defendants.

No. 93–CV–0848.

United States District Court, E.D. New York.

March 28, 1995.

Zachary W. Carter, U.S. Atty., Brooklyn, NY (Gary R. Brown, Asst. U.S. Atty., of counsel), for U.S., plaintiff.

Brooklyn Legal Services Corp. B, Brooklyn, NY (Nancy Chang, Sally DeLuca and Johnson Tyler, of counsel), for qui tam plaintiffs Oberemok, Bryant & Johnson.

Brooklyn Legal Services Corp. A, Brooklyn, NY (Barbara Samuels, of counsel), for qui tam plaintiff Grant.

William Gottlieb, of counsel, for qui tam plaintiff Hall.

Saretsky Katz & Dranoff, P.C., New York City (Barry G. Saretsky, of counsel), for defendants.

### *MEMORANDUM AND ORDER*

BLOCK, District Judge:

In a Report and Recommendation dated January 17, 1995 Magistrate Judge Steven M. Gold recommended that the Government's motion to intervene in this action be granted.

No objections to the Report and Recommendation have been received. The Court approves and adopts the Report and Recommendation.

**SO ORDERED.**

### REPORT AND RECOMMENDATION

GOLD, United States Magistrate Judge.

#### *BACKGROUND*

This case arises from a claim by plaintiffs that the defendants, Dr. Sophia Schwartzman and Brooklyn Hospital Center, defrauded the United States Government. The alleged fraud involves medical examinations conducted by defendants in connection with applications for federal disability benefits. The complaint alleges that, despite representations that the examinations were conducted in a manner consistent with applicable medical and regulatory standards, defendants' examinations of the disability claimants were cursory, conclusory and in violation of those standards, and that defendants issued false and misleading medical reports and bills to the United States Government.

Plaintiffs commenced this action pursuant to the False Claims Act (the "F.C.A."), 31 U.S.C. §§ 3729–3733, which imposes liability on those who make false or fraudulent claims for payment to the United States Government or use false records or statements to secure payment of a false claim from the Government. Section 3730 of the F.C.A. authorizes private citizens to bring civil actions for violations of the Act on behalf of the United States. A person who brings such an action is referred to as a *"qui tam* plaintiff."

In accordance with Section 3730 of the F.C.A., the complaint in this action was filed in camera and under seal, and was served upon the United States Government. As required by the statute, the complaint remained under seal for at least sixty days to provide the Government an opportunity to investigate the allegations in the complaint and determine whether it would intervene in this action. On or around September 16, 1993, the Government notified the Court that it would not exercise its right to intervene under F.C.A. Sections 3730(b)(2) and (c)(3). Accordingly, on September 23, 1994, the summons and complaint were unsealed and served upon the defendants.

At an initial conference held before me on November 10, 1994, a representative of the United States indicated that the Government contemplated intervention in this action. At that time, the parties had only recently commenced discovery. Although some discovery matters were scheduled, no final date for the conclusion of discovery was set.

By letter dated December 7, 1994, the Government moved to intervene pursuant to 31 U.S.C. § 3730(c)(3). The *qui tam* plain-

tiffs subsequently submitted a letter in support of the Government's application to intervene. Defendants, however, by letter dated December 13, 1994, opposed the application. By Order dated December 22, 1994, the Honorable Frederic Block referred the Government's motion to me for a report and recommendation. For the reasons set forth below, I respectfully recommend that the Government's motion to intervene in this action be granted.

## DISCUSSION

■ Where, as here, the government initially elects not to intervene as a matter of right within the sixty day period during which the complaint remains under seal, the court "may nevertheless permit the Government to intervene at a later date upon a showing of good cause." 31 U.S.C. § 3730(c). As its primary reason for seeking to intervene, the Government asserts that, since its initial decision to decline intervention as of right, it has uncovered information suggesting that the scope of the alleged fraud is more extensive than it originally anticipated, and that the *qui tam* plaintiffs have sought its assistance to investigate and prosecute the action.

In its letter submitted in support of its motion, the Government asserts that it initially declined to intervene because of the apparently small scale of the alleged fraud. *Letter from Dept. of Justice to the Court dated 12/7/94,* at 2. The Government points out in this regard that the complaint refers only to examinations by defendants of the five named *qui tam* plaintiffs.[1] Since that time, however, according to the Government, "counsel for the *qui tam* plaintiffs have located approximately 24 additional social security claimants who have sworn and/or reported that defendants failed to conduct proper examinations. Moreover, defendants have acknowledged that they have been paid for thousands of examinations, vastly expanding the universe of possible fraudulent activity." *Id.* The Government also seeks to intervene because defendants have raised certain privileges during discovery which the Govern-

ment asserts would not be applicable as against the United States.

While this Court is unable to locate a single case interpreting "good cause" under the F.C.A., the legislative history of the statute indicates that the purpose of the Act is to permit intervention by the Government in situations such as this. According to the Senate Report, the new provision permitting the Government to seek intervention after the sixty day examination period was added to expand the "limited opportunity for Government involvement" and provide the Government with the option of intervening in "situations where new and significant evidence is found" which "escalate[s] the magnitude or complexity of the fraud," after it initially declines to intervene. S.Rep. No. 345, 99th Cong., 2d Sess. 26–27, *reprinted in* 1986 U.S.C.C.A.N. 5266, 5291–92. Here, the Government's primary justification for seeking to intervene after the initial sixty day period is the subsequent discovery of new and significant evidence which has altered its view of the magnitude of the alleged fraud. These are precisely the circumstances which Section 3730(c)(3) was intended to address.

■ Defendants oppose the Government's intervention solely on the ground that they may be subject to broader discovery if the Government is permitted to intervene. *See Letter from Barry Saretsky to the Court dated 12/13/94.* Even assuming that to be the case, the broadening of discovery is generally not a sufficient basis to deny intervention absent a showing of undue prejudice. *See, e.g.,* Fed.R.Civ.P. 24(b). Intervention in this action would not unduly prejudice defendants because it would not result in duplicative discovery or undue delay. This action is at its initial stages, and the parties have only recently commenced discovery. Moreover, as noted above, the defendants have been aware that the Government has been contemplating intervention since the initial conference was held. Accordingly, defendants' asserted grounds for opposing intervention by the United States lack merit.

---

**1.** Apparently in error, the Government in its letter refers to the six named *qui tam* plaintiffs; the caption and text of the complaint identify only five plaintiffs.

*CONCLUSION*

For the foregoing reasons, I respectfully recommend that the Government's motion to be intervene be granted. Any objections to this report and recommendation must be served and filed with the Clerk of the Court within ten days of receipt and in any event no later than February 8, 1995. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 6(a), 6(e), 72; *Small v. Sec. of Health & Human Svcs.*, 892 F.2d 15, 16 (2d Cir.1989).

Dated: Brooklyn New York

January 17, 1995