**RESOLUTION TRUST CORPORATION, as a corporate instrumentality of the United States of America and as receiver for Alpine Savings, a Federal Savings and Loan Association, Steamboat Springs Colorado, Plaintiff,**

v.

**James G. ASCHER, Joseph V. Bonny, Marvin Elkins, Rosemarie L. Gadsby, Robert H. Gleason, Terrance W. Hefty, Mervyn L. Lapin, James P. Metziner, Rex E. Pielstick, Thomas I. Steinberg, R. David Usilton, and Craig J. Van Stone, Defendants.**

Civ. A. No. 92–B–424.

United States District Court,
D. Colorado.

Dec. 21, 1993.

John M. Kobayashi, Kathleen M. Kulasza, Kobayashi & Associates, P.C., Karen Radokovich, Staff Atty. Resolution Trust Corp., Denver, CO, for plaintiff.

John W. Madden III, Madden & Associates, Denver, CO, for James G. Ascher, Joseph V. Bonny, Marvin Elkins, Terrance W. Hefty, Mervyn L. Lapin, James P. Metziner, Thomas I. Steinberg and R. David Usilton.

Rex E. Pielstick, pro se.

Craig J. Van Stone, pro se.

Robert H. Gleason, pro se.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

Plaintiff Resolution Trust Corporation (RTC), as receiver for Alpine Savings, moves pursuant to Fed.R.Civ.P. 12(f) to strike certain affirmative defenses and non-party designations or, in the alternative, for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c). The motion is adequately briefed and oral argument is unnecessary. Because the defendants, as a matter of law, are precluded from asserting defenses which implicate the conduct of the RTC or other federal regulatory agencies, I will grant RTC's motion.

### I.

This case arises from the failure of Alpine Federal Savings and Loan Association (Alpine), a federally-insured savings and loan association formerly located in Steamboat Springs, Colorado. The Federal Home Loan Bank Board (FHLBB) declared Alpine insolvent on March 8, 1989. After a series of intermediate transfers, RTC, as receiver for Alpine Savings, succeeded to the claims of the failed institution. Subsequently, RTC filed this negligence action against Alpine's former officers and directors.

The defendant officers and directors assert a variety of affirmative defenses, including estoppel, waiver, laches, contributory and comparative negligence, assumption of risk, ratification, consent, failure to mitigate damages, lack of causation, intervening causes and supervening events, and reliance. The defendants have also designated pursuant to Colorado's proportionate liability statute, § 13–21–111.5, 6A C.R.S. (1987), the FHLBB, the Office of Thrift Supervision (OTS), and the Federal Savings and Loan Insurance Corporation (FSLIC), and their respective agents and employees as non-parties at fault.

### II.

Motions to strike are generally disfavored, but are within the district court's

sound discretion. *F.D.I.C. v. Isham*, 782 F.Supp. 524, 530 (D.Colo.1992). Rule 12(f) provides for striking affirmative defenses that are insufficient. Fed.R.Civ.P. 12(f). An affirmative defense is insufficient if, as a matter of law, the defense cannot succeed under any circumstance. *Isham*, 782 F.Supp. at 530.

### III.

■ RTC moves to strike those affirmative defenses which implicate the conduct of RTC, or other federal regulatory agencies, including the OTS, the FHLBB, and the FSLIC. RTC contends that the defendants cannot maintain defenses implicating such conduct to reduce or negate defendants' liability for otherwise wrongful acts. I agree.

Here, RTC moves to strike many of the identical defenses stricken in *F.D.I.C. v. Isham*. *Isham* is dispositive. There I held that the affirmative defenses of contributory and comparative negligence, failure to mitigate, waiver, estoppel, ratification, consent, acquiescence, reliance on banking regulators, and assumption of risk were stricken because they placed the Federal Deposit Insurance Corporation's (FDIC) conduct at issue. *Id.* at 530. As a matter of law, the defense of laches was also stricken. *Id.* at 532. Lack of causation was stricken to the extent it placed the FDIC's conduct at issue. *Id.*

■ The FDIC's insulation from affirmative defenses which places its conduct at issue was premised on several considerations. The FDIC's conduct in fulfilling its mandate involves discretionary decisions that should not be subjected to judicial second guessing. *Id.* at 532. The FDIC owes no duty to the officers and directors of the failed institution (no duty rule). *Id.* The banking laws further the public good, and seek to minimize loss to the insurance fund. *See generally Id.* at 532 (quoting *Federal Sav. and Loan Ins. Corp. v. Burdette*, 718 F.Supp. 649, 664 (E.D.Tenn.1989)); *Federal Deposit Ins. Corp. v. Bank of Boulder*, 911 F.2d 1466, 1474 (10th Cir.1990), *cert. denied*, 499 U.S. 904, 111 S.Ct. 1103, 113 L.Ed.2d 213 (1991).

The rule in *Isham* paints a bright line that maintains the focus on the persons whose alleged wrongdoing brought about the insolvency in the first instance. *Isham*, 782 F.Supp. at 532. The public policy underlying *Isham* is equally applicable to the RTC. *See* 12 U.S.C. § 1441a(b)(4).

At this juncture, I decline to reconsider my holding in *Isham*. *See Resolution Trust Corp. v. Heiserman*, 839 F.Supp. 1457, 1466–67 (D.Colo.1993). Accordingly, I will grant RTC's request to strike defendants' affirmative defenses of contributory and comparative negligence, failure to mitigate damages, waiver, estoppel, ratification, consent, assumption of risk, laches, lack of causation, intervening cause and supervening events, and reliance to the extent that these defenses implicate the conduct of the RTC or other federal regulatory agencies. However, as in *Isham* and *Heiserman*, defendants are free to contest that their acts of commission or omission, if any, did not proximately cause RTC's damages.

### IV.

The RTC further moves to strike defendants' non-party designation to the extent that it implicates the conduct of the OTS, the FSLIC, the FHLBB, and their respective agents and employees. *See Defendants' Designation of Nonparties*, ¶ 9. The RTC contends that *Isham* is dispositive of this issue as well. I agree.

■ Designation of a non-party at fault is a pleading in the nature of an affirmative defense in that it pleads matters extraneous to plaintiff's prima facie case and attempts to deny, in part, plaintiff's right to recover regardless of the truth of the facts alleged in the complaint. *See Gomez v. Toledo*, 446 U.S. 635, 640–41, 100 S.Ct. 1920, 1923–24, 64 L.Ed.2d 572 (1980). Therefore, I decide this motion based on the same standard of review for motions to strike affirmative defenses. The contested non-party designation will be stricken as insufficient pursuant to Fed. R.Civ.P. 12(f) if, as a matter of law, the defense cannot succeed under any circumstance. *Isham*, 782 F.Supp. at 530.

The defendants contend that notwithstanding *Isham*, C.R.S. § 13–21–111.5 requires that the RTC's motion be denied. For a jury to reduce the portion of fault attributable to parties to a tort suit, it must first find the non-party "negligent or at fault." § 13–21–111.5(3), 6A C.R.S. (1987). The defendants argue that under § 13–21–111.5, duty is not an issue. Instead, the issue is whether damage was caused by the fault of another.

Essentially, the defendants seek to circumvent *Isham* by imposing fault on certain federal regulatory agencies under the guise of Colorado's proportionate liability statute. Here, as in *Isham*, Alpine's former officers and directors cannot, as a matter of law, interpose the conduct of these federal regulatory agencies for their own benefit as an affirmative defense to their misconduct. *Isham*, 782 F.Supp. at 531.

While some courts have expressed this rule in terms of absence of duty between FDIC and former officers and directors, RTC's insulation from affirmative defenses which place in issue the conduct of these federal regulatory agencies rests on the policy embodied in the FDIC Act. *See generally, Id.* at 531–32. Such conduct cannot be used to defeat or reduce a recovery to the insurance fund because these federal regulatory agencies do not act to benefit Alpine's officers and directors. *Id.* at 532. Moreover, the conduct of these agencies in fulfilling their responsibilities involves discretionary decisions that should not be subject to judicial second guessing. *Id.*

Accordingly, I conclude that the rule of *Isham* should be extended to non-party designations which implicate the conduct of the RTC, other federal regulatory agencies, and their agents and employees. Defendants' non-party designation will be stricken to the extent that such conduct is implicated. As previously noted, the defendants may still present evidence that their alleged wrongdoing did not proximately cause RTC's damages. *Id.* at 532.

**ACCORDINGLY, IT IS ORDERED** that:

1) Defendants' affirmative defenses of estoppel, waiver, contributory and comparative negligence, assumption of risk, ratification, consent, failure to mitigate damages, lack of causation, intervening causes and supervening events, laches and reliance are **STRICKEN** to the extent that these defenses implicate the conduct of the **RTC** or any other federal regulatory body or agent; and,

2) Defendants' non-party designation of the **OTS**, the **FHLBB**, the **FSLIC**, and their agents and employees is **STRICKEN.**