**FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver of Community National Bank of Glastonbury**

v.

**Frank S. RAFFA, George W. Hannon, Jr., Allen M. DePersia, Peter B. Deich, Robert B. Doyle, William A. Fochi, Barbara K. Bailey, Raymond S. Derr, Pamela S. Diamond, Robert F. Dickau, Sr., Paul E. DiSanto, George E. Durstin, and Robert Saglio.**

**Civil No. 3:94CV21 (AVC).**

United States District Court, D. Connecticut.

July 20, 1995.

---

**122**

Howard R. Sacks, West Hartford, CT, for Howard R. Sacks.

Robert J. Cathcart, Peter W. Benner, Timothy P. Brady, Shipman & Goodwin, Hartford, CT, Jane W. Glander, Emmett & Glander, Stamford, CT, Mark S. Baldwin, John J. Russotto, Brown, Rudnick, Freed & Gesmer, Hartford, CT, Steven L. Feldman, Shapiro, Israel & Weiner, Boston, MA, for FDIC.

Neal Ossen, Ossen & Murphy, Hartford, CT, for Frank S. Raffa.

James A. Wade, Andrew H. Pinkowski, Robinson & Cole, Hartford, CT, Joseph A. Maker, Hume & Associates, Stamford, CT, for George Hannon, Jr.

Allen M. DePersia, Glastonbury, CT, pro se.

Patrick Cook, Law Offices of Raymond J. Devlin, Jr., Hartford, CT, Raymond James Devlin, Jr., Hartford, CT, for Peter B. Deich, William A. Fochi, Barbara K. Bailey, Robert F. Dickau, Sr.

Edward J. Kelleher, Augustus R. Southworth, III, Robert L. Cavanaugh, Jr., Gager & Henry, Waterbury, CT, for Robert B. Doyle, George E. Durstin.

Barbara K. Bailey, Glastonbury, CT, pro se.

Patrick Cook, Law Offices of Raymond J. Devlin, Jr., Hartford, CT, Kerry Marc Wisser, Nathan A. Schatz, Peter Rustin, Weinstein & Wisser, P.C., West Hartford, CT, Raymond James Devlin, Jr., Hartford, CT, for Raymond S. Derr.

Steven William Varney, Brown, Paindiris & Zarella, Hartford, CT, for Pamela Shaffer fka Pamela S. Diamond.

Pamela S. Diamond, Crofton, MD, pro se.

Kerry Marc Wisser, Nathan A. Schatz, Peter Rustin, Richard P. Weinstein, Weinstein & Wisser, P.C., West Hartford, CT, for Paul E. DiSanto.

Ann D, Dexter, John B. Daukas, Kenneth A. Cohen, Goodwin, Procter & Hoar, Boston, MA, for Robert Saglio.

Duncan B. Hume, Stamford, CT, for Hannon Group, Inc.

COVELLO, District Judge.

Over objection, the recommended ruling is approved, ratified and adopted.

It is so ordered.

## RECOMMENDED RULING ON FDIC'S MOTION TO STRIKE CERTAIN AFFIRMATIVE DEFENSES (# 218)

EAGAN, United States Magistrate Judge.

The Federal Deposit Insurance Corporation, as Receiver of the Community National Bank of Glastonbury (FDIC) moves, pursuant to Fed.R.Civ.P. 12(f), to strike certain affirmative defenses contained in the answers of most defendants.[1] The defendants object. For the following reasons, the FDIC's Motion to Strike is GRANTED in part and DENIED in part.

### I.  BACKGROUND

The Community National Bank of Glastonbury (CNB) commenced operations on July 15, 1985, as a national banking institution. On January 11, 1991, the Office of the Comptroller of the Currency declared CNB to be

---

1. This motion does not apply to all defendants. Two defendants, Frank S. Raffa, and Allen M. DePersia, have yet to answer the FDIC's Amended Complaint. Two others, Paul E. DiSanto and George W. Hannon, have filed an answer to the Amended Complaint but are not included here due to FDIC's oversight. Of course, the FDIC retains the right to strike the affirmative defenses of these remaining defendants at a later date.

insolvent and the bank was closed. The defendants in this action all served as either officers or directors of CNB during its period of operation. The FDIC contends that the failure of CNB was due, in part, to the misconduct of the defendants. This action has been brought against thirteen (13) former officers and directors of CNB. The complaint sets forth four causes of action: (1) state common law negligence, (2) state common law gross negligence, (3) gross negligence under 12 U.S.C. § 1821(k); and (4) state law breach of fiduciary duty. The defendants respond to the FDIC's allegations with multiple affirmative defenses. The legal sufficiency of these defenses are the subject of this motion.

## II.  STANDARD OF REVIEW

Rule 12(f) of the Federal Rules of Civil Procedure allows the court to order stricken from any pleading "... any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are generally disfavored, but are within the district court's sound discretion. *Resolution Trust Corp. v. Ascher,* 839 F.Supp. 764, 765–766 (D.Colo.1993). An affirmative defense is insufficient if, as a matter of law, the defense cannot succeed under any circumstance. *Id.  See Federal Deposit Insurance Corp. v. Isham,* 782 F.Supp. 524, 530 (D.Colo.1992).

## III.  DISCUSSION

The defendants assert multiple affirmative defenses against the FDIC. Virtually all of these defenses pertain to the acts of the FDIC committed either prior to CNB's closing as regulator, or after closing as receiver. The FDIC asserts that most of these defenses should be stricken because they either allege: (1) a breach of a duty owed by the FDIC, or (2) challenge a discretionary judgment made by the FDIC. Resolution of this dispute requires a review of applicable law.

### A.  The "No Duty Rule"

Under the Federal Deposit Insurance Corporation Act, the FDIC's sole purpose is to promote the stability of the banking system. *See D'Oench, Duhme & Co. v. Federal Deposit Insurance Corp.,* 315 U.S. 447, 62

S.Ct. 676, 86 L.Ed. 956 (1942); *Federal Deposit Insurance Corp. v. Isham,* 782 F.Supp. 524, 531 (D.Colo.1992). The FDIC's regulatory oversight of banks is intended only to protect depositors, the insurance fund and the public. *Federal Deposit Insurance Corp. v. Isham,* 782 F.Supp. at 531. The FDIC owes no duty to bank officers and directors. *See Federal Deposit Insurance Corp. v. Mijalis,* 15 F.3d 1314, 1324 (5th Cir.1994) (FDIC owed bank officers and directors no duty to mitigate damages); *Federal Deposit Insurance Corp. v. Bierman,* 2 F.3d 1424, 1438 (7th Cir.1993) (public policy mandates finding that duty of FDIC runs to the public and not to former officers and directors of a failed institution); *Federal Deposit Insurance Corp. v. White,* 828 F.Supp. 304, 308–310 (D.N.J.1993) ("No Duty" rule is almost universally accepted); *Resolution Trust Corporation v. Greenwood,* 798 F.Supp. 1391, 1397 (D.Minn.1992) (agencies purpose is to stabilize the banking industry and promote public confidence in bank, therefore, duty is owed to the general public); *Federal Deposit Insurance Corp. v. Isham,* 782 F.Supp. at 531 (because no duty is owed, former officers and directors cannot interpose FDIC's conduct as an affirmative defense to their own misconduct); *Federal Deposit Insurance Corp. v. Baker,* 739 F.Supp. 1401, 1405 (C.D.Cal.1990) (federal scheme of banking regulation creates no duty owed to officers and directors). As the Seventh Circuit recently noted:

> It is the duty of the FDIC to manage such assets in order to replenish the insurance fund that has been used to cover the losses allegedly caused by the directors and officers. When the FDIC undertakes this task, it must act in the public interest. Its task is to replenish the insurance fund to cover the losses of depositors and to maintain confidence in the soundness of the Nations banking system. Indeed, Congress has made it clear that the FDIC is to exercise its discretion in choosing a course of action in its efforts to replenish the fund.

*Federal Deposit Insurance Corp. v. Bierman,* 2 F.3d at 1439.

That the FDIC owes no duty to the former officers or directors of a financial institution is also supported by statute. For example, the Financial Institutions Reform, Recovery and Enforcement Act of 1989 (FIRREA), at 12 U.S.C. § 1823(d)(4) provides:

> The Corporation, in its discretion, may ... purchase and liquidate or sell any part of the assets of an insured depository institution which is now or may hereafter be in default.

Similarly, FIRREA, at 12 U.S.C. § 1821(d)(2)(J)(ii) authorizes the FDIC to:

> Take any action authorized by this chapter, which the Corporation determines is in the best interests of the depository institution, its depositors or the Corporation.

Further, FIRREA, at 12 U.S.C. § 1821(c)(13)(B)(ii) provides that the FDIC as receiver may:

> Make any other disposition of any matter concerning the institution, as the Corporation determines is in the best interests of the institution, the depositors of the institution and the Corporation.

The FDIC's conduct in fulfilling this broad statutory mandate involves discretionary decisions that should not be subject to judicial second guessing. *See United States v. Gaubert*, 499 U.S. 315, 324, 111 S.Ct. 1267, 1274, 113 L.Ed.2d 335 (1991) (discretionary acts of Government agents acting pursuant to statute are protected); *Federal Deposit Insurance Corp. v. Bierman*, 2 F.3d at 1439 (Congress has made it clear that FDIC is to exercise its discretion in choosing a course of action in its efforts to replenish the fund). In other words, the FDIC's own discretionary conduct cannot be used to defeat or reduce a recovery on the insurance fund. *Federal Deposit Insurance Corp. v. Isham*, 782 F.Supp. at 532. After all:

> ... [N]othing could be more paradoxical or contrary to sound policy than to hold that it is the public which must bear the risk of errors of judgment made by its officials in attempting to save a failing institution—a risk which would never have been created but for defendants' wrongdoing in the first instance.

*Federal Deposit Insurance Corp. v. Baker*, 739 F.Supp. at 1407 (*quoting, FSLIC v. Roy*, 1988 WL 96570 (D.Md.1988)).

The "No Duty Rule" paints a bright line that maintains the court's focus on the persons whose alleged wrongdoing brought about the insolvency in the first instance. *Resolution Trust Corp. v. Ascher*, 839 F.Supp. 764, 766 (D.Colo.1993). Therefore, if an affirmative defense includes the element of a duty owed by the FDIC, it is insufficient as a matter of law. Similarly, if an affirmative defense challenges the discretionary acts of the FDIC, it is insufficient as a matter of law.

Finally, many of the defendants' affirmative defenses distinguish between the acts of the FDIC as a regulator prior to CNB's collapse, and the acts of the FDIC as the Receiver of CNB. This court finds no logical basis for any such distinction. Whether pre- or post-bank failure, the FDIC's duty is owed, not to bank directors or officers, but to the insurance fund it is charged with protecting and to the banking public. *Federal Deposit Insurance Corp. v. Stanley*, 770 F.Supp. 1281, 1307 (N.D.Ind.1991), *aff'd*, *Federal Deposit Insurance Corp. v. Bierman*, 2 F.3d 1424 (7th Cir.1993). *See also*, *Federal Deposit Insurance Corp. v. Isham*, 782 F.Supp. at 531 (affirmative defenses cannot challenge discretionary acts of the FDIC either pre- or post-bank closing); *Federal Deposit Insurance Corp. v. Baker*, 739 F.Supp. at 1406–07 (FDIC owes no duty to bank officers and directors either as regulator or as receiver). *But cf. Federal Deposit Insurance Corp. v. Niblo*, 821 F.Supp. 441, 456 (N.D.Tex.1993) (conduct of the FDIC in its capacity as receiver is subject to examination). Therefore, the FDIC cannot be held accountable for any alleged breach of duty or for any discretionary act made either pre- or post-bank closing.

## B. O'Melveny and the "No Duty Rule"

The defendants contend that the recent Supreme Court decision in *O'Melveny & Myers v. Federal Deposit Insurance Corp.*, 512 U.S. 79, 114 S.Ct. 2048, 129 L.Ed.2d 67 (1994), has significantly altered the applicable

law and requires a fresh examination of the validity of their affirmative defenses.

In *O'Melveny,* the FDIC took over as receiver of a corrupt savings and loan association that had been involved in fraudulent real estate transactions. The defendants, the law firm of O'Melveny & Myers, represented the savings and loan during the fraudulent transactions. After the S & L failed, and the FDIC was appointed receiver, the FDIC brought suit against O'Melveny & Myers for professional negligence and breach of fiduciary duty. The question presented to the Supreme Court was whether federal or state law governed the law firm' tort liability. *See O'Melveny & Myers v. Federal Deposit Insurance Corp.,* 512 U.S. at ——, 114 S.Ct. at 2051. The defendants argued that state law applied and therefore, the S & L's knowledge of its own fraudulent conduct was imputed to the FDIC as receiver. *Id.,* at ——, 114 S.Ct. at 2052. The FDIC replied that federal common law applied and barred imputation of knowledge to the FDIC. *Id.*

The Supreme Court ruled in favor of the defendants and rejected the FDIC's argument stating: "[T]here is no federal general common law." *Id.,* at ——, 114 S.Ct. at 2052. Therefore, absent a "significant conflict between some federal policy or interest and the use of state law," the state law of imputation applies. *Id.,* at ——, 114 S.Ct. at 2054.

The *O'Melveny* Court did not consider, nor address, whether state law affirmative defenses implicating discretionary actions of the FDIC could be raised against the FDIC. *See Resolution Trust Corp. v. Heiserman,* No. 93–B–944 (D.Colo. Aug. 31, 1994). In fact, the *O'Melveny* Court explicitly recognized that it was not addressing such claims:

> The rules of decision at issue here do not govern the primary conduct of the United States or any of its agents or contractors, but affect only the FDIC's rights and liabilities, as receiver, with respect to primary conduct on the part of private actors that has already occurred.

*O'Melveny & Myers v. Federal Deposit Insurance Corp.,* 512 U.S. at ——, 114 S.Ct. at 2054.

Moreover, *O'Melveny* must be read in light of *United States v. Gaubert,* 499 U.S. 315, 111 S.Ct. 1267, 113 L.Ed.2d 335 (1991). In *Gaubert,* a shareholder of a savings and loan association brought suit against the Federal Savings and Loan Insurance Corporation seeking recovery for losses due to the agency's alleged negligent supervision. *Id.* at 319, 111 S.Ct. at 1271.[2] In rejecting the claim, the Court stated:

> When established governmental policy as expressed or implied by statute, regulation, or agency guidelines, allows a Government agent to exercise discretion, it must be presumed that the agent's acts are grounded in policy when exercising that discretion.

*Id.* at 324, 111 S.Ct. at 1274. The Court went on to hold that the decisions of federal regulators at the operational or managerial level, including the day-to-day operations, are entitled to judicial discretion. *Id.* at 333, 111 S.Ct. at 1279. *See also Federal Deposit Insurance Corp. v. Oldenburg,* 38 F.3d 1119, 1121 (10th Cir.1994) (special public policy considerations distinguish banking cases from other tort cases where traditional affirmative defenses are normally available).

■ Here, the defendants seek to assert a myriad of affirmative defenses directly challenging the conduct of the FDIC. The defendants, in reliance upon *O'Melveny,* argue that the "No Duty" rule, a federal rule of law, should not bar their state law affirmative defenses. Defendants' reliance, however, is misplaced. *O'Melveny* instructs that a federal rule of law is not to be implemented absent a significant conflict between federal policy and state law. *See O'Melveny & Myers v. Federal Deposit Insurance Corp.,* 512 U.S. at ——, 114 S.Ct. at 2054. *Gaubert* recognizes the important federal interests that require deference to the discretionary actions of the FDIC. *United States v. Gaubert* 499 U.S. at 323, 111 S.Ct. at 1274. Further, FIRREA explicitly recognizes the broad discretion afforded bank regulators.

---

**2.** Subsequent to the events at issue in *Gaubert,* Congress enacted FIRREA which abolished the FSLIC and granted broad similar enforcement powers to the FDIC.

*See infra.* If allowed, the defendants' state law affirmative defenses would attack the discretionary acts of the FDIC. Such state law defenses clash with the federal interest in granting deference to FDIC discretionary acts. Allowing the defendants to assert such affirmative defenses would create a significant conflict between federal policy and state law. Therefore, this court must reject those affirmative defenses which either assert some duty was owed and breached by the FDIC, or which challenge the discretionary decisions of the FDIC.

This conclusion is consistent with other Districts which have examined this issue post *O'Melveny.* *See e.g. Resolution Trust Corp. v. Sands,* 863 F.Supp. 365, 368–373 (N.D.Tex. 1994) (*O'Melveny* does not call into question the deference afforded the discretionary decisions of the RTC); *Resolution Trust Corp. v. Heiserman,* No. 93–B–944 (D.Colo. August 31, 1994) (under *Gaubert,* the RTC's decisions made pursuant to its discretionary authority are exempt from tort liability and, by implication, from use as affirmative defenses to liability actions); *Resolution Trust Corp. v. Edie,* 1994 WL 744672 at *3 (D.N.J. Sept. 30, 1994) (objections to the RTC's discretionary powers lie outside *O'Melveny* and remain precluded by the no duty rule); *Resolution Trust Corp. v. Atherton,* No. 92–5261 (D.N.J. Sept. 9, 1994) (*O'Melveny* does not displace the federal common law "no duty" rule). *But cf. Resolution Trust Corp. v. Liebert,* 871 F.Supp. 370, 373 (C.D.Cal.1994) (the no duty rule is a rule of federal common law whose application is inappropriate); *Resolution Trust Corp. v. Baker,* 1994 WL 637359 (E.D.Pa. Nov. 19, 1994) (*O'Melveny* requires sufficiency of affirmative defenses to be examined pursuant to state law); *Resolution Trust Corp. v. Williams,* 1994 WL 477231 at *3–4 (D.Kan. Aug. 4, 1994) (affirmative defense of estoppel and mitigation of damages must be analyzed under state law in light of *O'Melveny* ); *Resolution Trust Corp. v. Ross,* 1994 WL 534210 at *4–*7 (S.D.Miss. June 22, 1994) (reforming order to strike affirmative defenses based on *O'Melveny* ).

## C. Application of the "No Duty" Rule

The application of the "No Duty" Rule and the theory that FDIC discretionary acts are entitled to judicial deference yields the following results.

### Estoppel [3]

■ The defendants assert that the wrongful acts of the FDIC should estop the FDIC from prevailing in this action. However, as explained *infra,* the conduct of the defendants, not the FDIC, is at issue. Affirmative defenses that call into question the conduct of the FDIC are prohibited by both the directives of FIRREA, and by a long line of federal case law. *See infra.*

### Failure to Mitigate Damages [4]

This affirmative defense assumes that the FDIC owes the defendants some duty to mitigate damages. No such duty is owed. Therefore, the affirmative defense of mitigation of damages is stricken. *See Federal Deposit Insurance Corporation v. Oldenburg,* 38 F.3d 1119, 1121 (10th Cir.1994) (FDIC is not subject to the state law defense of mitigation of damages); *Federal Deposit Insurance Corporation v. Mijalis,* 15 F.3d 1314, 1323 (5th Cir.1994) (same); *Federal Deposit Insurance Corporation v. Bierman,* 2 F.3d 1424, 1438–41 (7th Cir.1993) (no duty to mitigate based on the discretionary function exception to the Federal Tort Claims Act and the lack of a duty owed by the FDIC to alleged wrongdoers).

### Contributory/Comparative Negligence [5]

The defendants assert that the FDIC caused, or contributed to the cause, of any loss. The defendants contend that the FDIC should share responsibility for any harm. However, to prevail, the defendants must

---

**3.** This affirmative defense is asserted by Deich, Derr, Dickau, Fochi and Bailey (# 41); Saglio (# 9); Doyle (# 9); Durstin (# 9); Diamond (# 9).

**4.** This affirmative defense is asserted by Deich, Derr, Dickau, Fochi and Bailey (# 39); Saglio

(# 7); Doyle (# 7); Durstin (# 7) and Diamond (# 7).

**5.** This affirmative defense is asserted by Deich, Derr, Dickau, Fochi and Bailey (# 16, # 17, # 18, # 19, # 24. # 40); Saglio (# 8); Doyle (# 8); Durstin (# 8) and Diamond (# 8).

establish that the FDIC owes a duty to them. Because no such duty is owed, the defendants affirmative defenses for contributory or comparative negligence must both fail. *See Federal Deposit Insurance Corporation v. Oldenburg,* 38 F.3d 1119, 1121 (10th Cir. 1994) (FDIC is not subject to the state law defense of contributory negligence); *Federal Deposit Insurance Corp. v. Baker,* 739 F.Supp. 1401, 1407 (C.D.Cal.1990) (FSLIC' own negligence is immaterial to issues of the case).

### Laches and Waiver [6]

■ The affirmative defenses of laches and waiver cannot be asserted against the FDIC. *Federal Deposit Insurance Corporation v. Roldan Fonseca,* 795 F.2d 1102, 1109 (1st Cir.1986). *See Federal Deposit Insurance Corp. v. Baker,* 739 F.Supp. 1401, 1407 (C.D.Cal.1990) (defense of laches is unavailable as against the FDIC); *Federal Deposit Insurance Corp. v. White,* 828 F.Supp. 304, 314 (D.N.J.1993) (it is well established that neither the federal government nor any of its instrumentalities are subject to the defense of laches).

### Contribution [7]

■ Several defendants assert that the FDIC's damages are subject to contribution, offset and recoupment because the FDIC and its predecessor failed to exercise due care in managing and disposing of loans at issue. Again, this affirmative defense fails as it seeks to attack discretionary acts of the FDIC. Further, contribution is not an affirmative defense. It is a claim for recovery that must be pled and proved. *See Federal Deposit Insurance Corp. v. Niblo,* 821 F.Supp. 441, 456 (N.D.Tex.1993).

### Reliance on the FDIC [8]

■ Many defendants object to the fact that the FDIC had access to records prior to the banks collapse and failed to warn them of approaching peril. Similarly, several defendants also contend that the FDIC had information regarding CNB borrowers whose loans are at issue here and failed to share that information. These defenses must fail. The courts have consistently held that the FDIC has no duty to warn a bank of improprieties revealed during its examination in order to protect the bank or its officers or directors from loss. *See First State Bank of Hudson County v. United States,* 599 F.2d 558, 562 (3d Cir.1979), *cert. denied,* 444 U.S. 1013, 100 S.Ct. 662, 62 L.Ed.2d 642 (1980) (duty to protect the corporate entity and its shareholders rested solely on bank's board of directors); *Federal Deposit Insurance Corp. v. Butcher,* 660 F.Supp. 1274, 1282 (E.D.Tenn.1987) (failure of FDIC to discover or disclose fraud does not establish a claim for relief). Again, the FDIC's duty runs to the public and not to the officers or directors of financial institutions.

### Causation: Conduct of FDIC [9]

■ Defendants attempt to assert an affirmative defense which places the conduct of the FDIC at issue. Such an affirmative defense is impermissible. Under the "No Duty" rule, the FDIC's conduct is not on trial. *Federal Deposit Insurance Corp. v. Mijalis,* 15 F.3d 1314, 1327 (5th Cir.1994). *See Federal Deposit Insurance Corp. v. Isham,* 782 F.Supp. 524, 532 (D.Colo.1992) (defense of lack of causation is stricken to the extent that defendants seek to put FDIC's conduct at issue. However, defendants are free to contest that their negligence, if any, did not proximately cause the damages FDIC claims).

---

6. These affirmative defenses are asserted by Deich, Derr, Dickau, Fochi and Bailey (# 36); Saglio (# 4); Doyle (# 4); Durstin (# 4) and Diamond (# 4).

7. This affirmative defense is asserted by Deich, Derr, Dickau, Fochi and Bailey (# 45); Saglio (# 14); Doyle (# 14); Durstin (# 14) and Diamond (# 14).

8. The affirmative defense of reliance is asserted by Deich, Derr, Dickau, Fochi and Bailey (# 9, # 10, # 20).

9. This affirmative defense is asserted by Deich, Derr, Dickau, Fochi and Bailey (# 37); Saglio (# 5, # 17); Doyle (# 5, # 22); Durstin (# 5, # 22) and Diamond (# 5, # 22, # 24, # 37, # 38).

*Causation: Conduct of Others/Intervening and Superseding Acts* [10]

▇▇ Although the defendants cannot raise the conduct of the FDIC as an affirmative defense, they are certainly entitled to assert that they were not the cause of any harm. However, such an assertion is not an affirmative defense because the defendants do not bear the burden of establishing causation, or lack thereof. The FDIC bears the burden to prove proximate cause. To the extent that the FDIC's damages were caused by other persons, entities or events, such claims may be asserted at trial to rebut the FDIC's burden of proof. *See Federal Deposit Insurance Corp. v. White,* 828 F.Supp. 304, 312–314 (D.N.J.1993) (defendants cannot assert causation as an affirmative defense, however, they are entitled to discovery to challenge FDIC's burden of establishing proximate cause); *Resolution Trust Corp. v. Ascher,* 839 F.Supp. 764, 766 (D.Colo.1993) (striking causation affirmative defenses but stating defendants are free to contest proximate cause); *Resolution Trust Corp. v. Heiserman,* 839 F.Supp. 1457, 1467 (D.Colo.1993) (same). Because these assertions do not constitute "affirmative defenses," they are stricken.

*Failure to State a Claim* [11]

Numerous defendants contend that several counts of the FDIC's Complaint are barred by the preemptive effect of 12 U.S.C. § 1821(k). Having ruled on this issue in a prior decision, these affirmative defenses are stricken as moot.

*Ripeness* [12]

▇▇ Several defendants contend that the FDIC's Complaint is not ripe for adjudica-tion because the FDIC has failed to establish that the loans complained of cannot be collected. Therefore, the FDIC cannot adequately assess it damages. Here, however, CNB has failed allegedly as a result of the defendants' negligence. If true, the FDIC has already incurred harm. An exact damage figure is not required prior to filing suit. Therefore, this matter is ripe for adjudication. Affirmative defenses asserting ripeness fail.

*Duress* [13]

▇▇ Several defendants assert that any agreements entered into between CNB and the FDIC are void under the doctrine of duress. To the extent that this defense challenges discretionary acts of the FDIC it must fail.

*Ratification* [14]

▇▇ Several defendants contend that the FDIC should be estopped from asserting its claims because, in its regulatory capacity prior to CNB's failure, it approved or ratified the defendants' actions. This affirmative defense is simply another attempt to estop the FDIC by challenging its discretionary acts. *See Federal Deposit Insurance Corp. v. White,* 828 F.Supp. 304, 311 (D.N.J.1993) (ratification defense is insufficient as a matter of law and is stricken). Because an estoppel defense cannot be asserted against the FDIC, the affirmative defense of ratification fails as a matter of law.

*Lost Documents* [15]

Defendants allege that the FDIC has misplaced, lost or destroyed pertinent records

---

10. This affirmative defense is asserted by Deich, Derr, Dickau, Fochi and Bailey (# 38, # 46); Saglio (# 6, # 15); Doyle (# 6, # 15, # 23); Durstin (# 6, # 15, # 23) and Diamond (# 6, # 15, # 23).

11. This affirmative defense is asserted by Bailey, Deich, Derr, Dickau, and Fochi (# 35, # 44); Saglio (# 2, # 13, # 22); Doyle (# 1, # 2, # 13); Durstin (# 1, # 2, # 13) and Diamond (# 1, # 2, # 13).

12. This affirmative defense is asserted by Saglio (# 17); Doyle (# 17); Durstin (# 17) and Diamond (# 17).

13. This affirmative defense is asserted by Saglio (# 18); Doyle (# 18); Durstin (# 18) and Diamond (# 18).

14. This affirmative defense is asserted by Deich, Derr, Dickau, Fochi and Bailey (# 42); Saglio (# 10); Doyle (# 10); Durstin (# 10) and Diamond (# 10).

15. This affirmative defense is asserted by Deich, Derr, Dickau, Fochi and Bailey (# 14, # 15); Saglio (# 19); Doyle (# 19); Durstin (# 19) and Diamond (# 19).

which absolve them of personal liability. As a result, defendants contend that the FDIC should be estopped from pursuing this claim. This defense is another form of estoppel which has previously been rejected as an affirmative defense. If the defendants wish to acquire certain documents allegedly in the possession of the FDIC, such documents can be obtained through discovery under the supervision of this court. The alleged existence of documents which absolve defendants of personal liability is an issue that may also be explored to rebut the FDIC's burden of establishing proximate cause. As an affirmative defense, however, this claim is not appropriate and is stricken.

### Application of Loan Proceeds [16]

■ Most defendants assert that the FDIC, in its capacity as receiver for other banks, collected funds from the borrowers identified in the Complaint. The defendants assert the FDIC's claims should be barred because if the FDIC applied those funds to the loans at issue here, there would be no outstanding debt, and therefore no damages. Again, however, as receiver of financial institutions, the FDIC is granted deference to collect on bad loans and apply the proceeds of those loans as they deem appropriate. The discretionary decisions of the FDIC will not be second guessed by this court.

### Business Judgment Rule

■ All of the defendants raise the business judgment rule as an affirmative defense. The court agrees that this defense is applicable. To the extent that the FDIC seeks to strike affirmative defenses solely asserting the business judgment rule, such a request is denied.[17] However, some defendants combine the affirmative defense of business judgment with reliance upon the FDIC or its

regulatory predecessors. Such reliance is misplaced and cannot form the basis of an affirmative defense. Therefore, such affirmative defenses will be stricken only to the extent that they attempt to invoke reliance on the discretionary acts of the FDIC, or its predecessors.[18]

### Statute of Limitations

■ Affirmative defenses that plead a violation of the applicable statute of limitations survive. Such a claim is a valid affirmative defense and can be resolved pursuant to an appropriate motion.[19]

### IV. ORDER

For the foregoing reasons, the FDIC's Motion to Strike Certain Affirmative Defenses is GRANTED in part and DENIED in part as follows:

The Motion to Strike Certain Affirmative Defenses of Bailey, Deich, Derr, Dickau and Fochi is GRANTED as to Affirmative Defenses Numbered: 9, 10, 14, 15, 16, 17, 18, 19, 20, 23, 24, 25, 35, 36, 37, 38, 39, 40, 41, 42, 44, 45 and 46.

The Motion to Strike Certain Affirmative Defenses of Bailey, Deich, Derr, Dickau and Fochi is DENIED as to Affirmative Defense Numbered: 43.

The Motion to Strike Certain Affirmative Defenses of Saglio is GRANTED as to Affirmative Defenses Numbered: 2, 4, 5, 6, 7, 8, 9, 10, 13, 14, 15, 16, 17, 18, 19, 22.

The Motion to Strike Certain Affirmative Defenses of Saglio is GRANTED in part and DENIED in part as to Affirmative Defense Numbered: 12.

The Motion to Strike Certain Affirmative Defenses of Saglio is DENIED as to Affirmative Defense Numbered: 21.

---

16. This affirmative defense is asserted by Deich, Derr, Dickau, Fochi and Bailey (# 23); Saglio (# 16); Doyle (# 16); Durstin (# 16) and Diamond (# 16).

17. The FDIC seeks to strike affirmative defense # 43 of Bailey, Deich, Derr, Dickau, and Fochi. This affirmative defense asserts: "The FDIC's claims are barred by defendants' reasonable reliance on others and by operation of Connecticut General Statute Section 33–313."

18. This affirmative defense is asserted by Saglio (# 12); Doyle (# 12); Durstin (# 12) and Diamond (# 12).

19. This affirmative defense is asserted by Saglio (# 21); Doyle (# 21); Durstin (# 21); Diamond (# 21).

**130**

The Motion to Strike Certain Affirmative Defenses of Doyle is GRANTED as to Affirmative Defenses Numbered: 1, 2, 4, 5, 6, 7, 8, 9, 10, 13, 14, 15, 16, 17, 18, 19, 22, 23.

The Motion to Strike Certain Affirmative Defenses of Doyle is GRANTED in part and DENIED in part as to Affirmative Defense Numbered: 12.

The Motion to Strike Certain Affirmative Defenses of Doyle is DENIED as to Affirmative Defense Numbered: 21.

The Motion to Strike Certain Affirmative Defenses of Durstin is GRANTED as to Affirmative Defenses Numbered: 1, 2, 4, 5, 6, 7, 8, 9, 10, 13, 14, 15, 16, 17, 18, 19, 22, 23.

The Motion to Strike Certain Affirmative Defenses of Durstin is GRANTED in part and DENIED in part as to Affirmative Defense Numbered: 12.

The Motion to Strike Certain Affirmative Defenses of Durstin is DENIED as to Affirmative Defense Numbered: 21.

The Motion to Strike Certain Affirmative Defenses of Diamond is GRANTED as to Affirmative Defenses Numbered: 1, 2, 4, 5, 6, 7, 8, 9, 10, 13, 14, 15, 16, 17, 18, 19, 22, 23.

The Motion to Strike Certain Affirmative Defenses of Diamond is GRANTED in part and DENIED in part as to Affirmative Defense Numbered: 12.

The Motion to Strike Certain Affirmative Defenses of Diamond is DENIED as to Affirmative Defense Numbered: 21.

The Court hereby ORDERS all defendants to file amended answers with affirmative defenses that conform to this decision.

Any objections to this report and recommendation must be filed with the Clerk of Courts within ten (10) days of receipt. Failure to object within ten (10) days will preclude appellate review. *See* 28 U.S.C. § 636(b)(1); Rules 72, 6(a) and 6(e) of the Federal Rules of Civil Procedure, Rule 2 of the Local Rules for United States Magistrates; *Small v. Secretary of HHS*, 892 F.2d 15, 16 (2nd Cir.1989).

Dated at Hartford, Connecticut this 1st day of June, 1995.