Oct. 31, 1997.

Frank **RAINES**, Petitioner,

v.

The **PEOPLE OF THE STATE OF NEW YORK**, Respondent.

No. 97–CV–1048 (RSP/RWS).

United States District Court, N.D. New York.

Feb. 2, 1998.

Frank Raines, Ogdensburg, NY, pro se.

### ORDER

POOLER, District Judge.

The above matter comes to me following an order and report-recommendation by Magistrate Judge Ralph W. Smith, Jr., duly filed on the 4th day of September, 1997. Dkt. No. 3. Following ten days from the service thereof, the clerk has sent me the entire file, including any and all objections. Petitioner Frank Raines filed objections on September 11, 1997. Dkt. No. 4, I therefore review the report-recommendation *de novo. See* 28 U.S.C. § 636(b)(1)(C).

In his report-recommendation, the magistrate judge recommended that I dismiss without prejudice Raines' petition for a writ of habeas corpus because Raines failed to exhaust his state court remedies. It is without dispute that Raines filed his petition in federal court prior to obtaining the result of his application to the New York State Court of Appeals and prior to the expiration of the time period in which he could seek certiorari in the United States Supreme Court. In his objections, Raines does not allege facts to the contrary. He merely states that he "object[s] to the whole order and report-recommendation." Dkt. No. 4. Raines therefore has failed to exhaust his state court remedies.

Therefore, after reviewing the entire file in this matter, it is

ORDERED that the report-recommendation is approved, and

ORDERED that the petition for habeas corpus is dismissed without prejudice, and it is further

ORDERED that the clerk serve a copy of this order upon petitioner by regular mail.

IT IS SO ORDERED.

### ORDER AND REPORT-RECOMMENDATION

RALPH W. SMITH, Jr., United States Magistrate Judge.

In accordance with and pursuant to the authority of the provisions of the Rules Governing Section 2254 cases in the U.S. District Courts and 28 U.S.C. fol. Section 2254, the Clerk of the Court has sent to the undersigned for review a petition for a writ of habeas corpus brought by Frank Raines ("petitioner" or "Raines"), pursuant to 28 U.S.C. § 2254. Raines is presently confined at the Riverview Correctional Facility. Petitioner has not paid the statutory fee required to maintain the instant action.

In his habeas petition, petitioner complains of a judgment rendered in the Onondaga County Court on March 13, 1996, wherein petitioner seems to claim that he was convicted by a jury of two counts of criminal sale of a controlled substance in the third degree and two counts each of criminal possession of a controlled substance in the third and seventh degrees. Petitioner states that he was sentenced to a term of 5–10 years imprisonment. *See* docket no. 1.

Prior to addressing the allegations contained in the instant petition, the Court notes that petitioner contends that on June 2, 1997, the Appellate Division, Fourth Department, affirmed the aforesaid conviction. Petition at ¶ 9(c). Raines further claims that he thereafter sought leave to appeal his conviction to the Court of Appeals. Although Raines' petition is silent as to the result of such application, *see id.* at ¶ 9(e), the Court has determined that the same was denied by the Court of Appeals on July 24, 1997–one day *after* Raines filed the within petition with this Court and nearly three weeks after he executed the same.[1]

28 U.S.C. § 2254 provides, in salient part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> (A) the applicant *has exhausted the remedies available in the courts of the State* . . .

28 U.S.C. § 2254(b)(1)(A) (emphasis added).

■ "When deciding whether the petitioner's claims have been exhausted in state court, the federal court must look at the posture of the petitioner's case *at the time that his petition for habeas corpus was filed.*" *U.S. ex rel. Johnson v. Roth,* 1997 WL 83302 (N.D.Ill., Feb.19, 1997) (emphasis added); *see also Verdin v. O'Leary,* 972 F.2d 1467, 1483 (7th Cir.1992) (citation omitted).

---

**1.** Moreover, this judgment of conviction will not become final until October 22, 1997–the conclusion of the ninety days during which Raines may seek certiorari in the United States Supreme Court. *Hughes v. Irvin,* 967 F.Supp. 775, 776 (E.D.N.Y.1997) (citing Rule 13 of Rules of the

Supreme Court of the United States); *Allen v. Hardy,* 478 U.S. 255, 258 n. 1, 106 S.Ct. 2878, 92 L.Ed.2d 199 (1986) (decision becomes final "where the availability of appeal [is] exhausted, and the time for petition for certiorari ha[s] elapsed.").

In the present case, it is clear that petitioner had not exhausted all of the state court remedies available to him regarding his criminal conviction at the time he filed this action. See docket no. 1. Therefore, the Court must dismiss the instant petition. Such dismissal is without prejudice to Raines filing a new petition after he has fully exhausted all of the appellate remedies available to him.[2]

WHEREFORE, based upon the Court's review of the entire file in this matter, it is hereby

ORDERED, that petitioner's in forma pauperis application (dkt. no. 2) is granted, and it is further

RECOMMENDED, that petitioner's habeas petition be dismissed without prejudice for the reasons stated above, and it is further

ORDERED, that the Clerk serve a copy of this Order on the petitioner by certified mail.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have ten (10) days within which to file written objections to the foregoing report-recommendation. Such objections shall be filed with the Clerk of the Court. *FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW,Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir.1993) (citing *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir.1989)); 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 6(a), 6(e) and 72.

IT IS SO ORDERED.

Sept. 4, 1997.

---

2. The undersigned notes that the petitioner has named "The People of the State of New York" as the respondent herein. Raines is advised, in the event that he files a future petition, that the proper respondent therein is the Superintendent of the facility in which he is incarcerated at the time of filing. *See* Rule 2(a) of the Rules Governing § 2254 Cases (providing that "the application shall be in the form of a petition ... in which the state officer having custody of the applicant shall be named a respondent.")