**Johnathan L. JOHNSON, Petitioner–Appellant,**

v.

**C.O. MUELLER, Corrections Officer at Great Meadows Corrections Facility, Defendant–Appellee,**

**S. Roberts, Several Unknown, C. Blood, Corrections Officer at Great Meadows Correction Facility, Defendants.**

**No. 00–262.**

United States Court of Appeals, Second Circuit.

May 15, 2001.

Johnathan L. Johnson, on submission, pro se.

Eliot Spitzer, Attorney General for the State of New York; Nancy A. Spiegel, Assistant Solicitor General and Martin A. Hotvet, Assistant Solicitor General, on the brief, on submission, for appellee.

Present MCLAUGHLIN, POOLER, Circuit Judges, MARTIN, District Judge.*

SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of said District Court be and it hereby is AFFIRMED in part and DISMISSED in part.

Johnathan L. Johnson appeals from the judgment dismissing his 42 U.S.C. § 1983 action filed against Corrections Officer Meuller, S. Roberts, and several unknown defendants. For the reasons given below, we dismiss in part and affirm in part.

Johnson's complaint, filed in 1995, alleged that while he was at Great Meadows Correctional Facility, he was verbally abused by Meuller and others in retaliation for a previous lawsuit and grievance. Johnson also alleged his due process rights were violated during a prison disciplinary hearing regarding the incident because, among other things, he was not permitted

* The Honorable John S. Martin, Jr., United States District Court Judge for the Southern District of New York, sitting by designation.

to call a witness he wanted. The hearing resulted in Johnson being sentenced to 30 days keep-lock confinement, and both the disciplinary conviction and sentence were affirmed on appeal.

The district court referred Johnson's case to a magistrate judge, who recommended summary judgment be granted for the defendants on every claim except the retaliation claim against Mueller. The magistrate judge concluded (1) the due process claims against Roberts should be dismissed because the hearing transcripts made clear that Johnson received all the process he was due; but (2) the retaliation claim against Mueller should not be dismissed because the defendants failed to show summary judgment was proper. The magistrate judge informed the parties that each had "ten days in which to file written objections to the foregoing" and that the "FAILURE TO [SO] OBJECT ... W[OULD] PRECLUDE APPELLATE REVIEW." Johnson objected to the dismissal of his due process claim.

The district court adopted the report and recommendation in its entirety. The district court then appointed counsel to represent Johnson on his retaliation claim. After a trial and deliberations, a jury found Johnson failed to prove Mueller wrongly retaliated against him. Johnson timely filed a notice of appeal. On appeal, Johnson raises a variety of trial-related issues, and also argues (1) the district court erred in failing to liberally construe Johnson's complaint to include a race discrimination claim; and (2) the district court erred in dismissing his due process complaint.

Johnson failed to provide this Court with trial transcripts, and there is no indication in the record such transcripts were ever requested. We therefore dismiss that portion of Johnson's appeal relating to alleged trial errors, without prejudice to

renew, if, within 30 days after entry of this Court's judgment, Johnson furnishes this Court either with (1) trial transcripts or (2) proof that he has moved the district court for free transcripts. If Johnson chooses to move the district court for transcripts, he needs to submit a statement to the district court detailing the issues he intends to appeal. *See* 28 U.S.C. § 753(f). He has 30 days after the transcripts become available to file those transcripts with this Court. Finally, if the district court denies his motion, Johnson must file the transcripts within 30 days from denial of his motion unless he can otherwise show the transcripts have been ordered.

■ Johnson's claim that the district court erred when it failed to liberally construe his complaint as raising a claim of race discrimination is barred from appellate review because he failed to raise the argument in his objection to the magistrate's report and recommendation. *See Small v. Sec'ty of Health and Human Servs.,* 892 F.2d 15, 16 (2d Cir.1989) (precluding appellate review for any claims not raised in a timely objection to a magistrate judge's report and recommendation so long as the party is advised failure to object precludes appellate review).

■ We review the grant of summary judgment *de novo,* construing the evidence in the light most favorable to the nonmoving party. *See Tenenbaum v. Williams,* 193 F.3d 581, 593 (2d Cir.1999), *cert. denied,* 529 U.S. 1098, 120 S.Ct. 1832, 146 L.Ed.2d 776 (2000). The district court properly granted summary judgment. The due process accorded an inmate at a disciplinary hearing requires (1) the inmate receive notice of the disciplinary charges; (2) the inmate is permitted to call witnesses and present evidence; (3) the inmate be judged by a fair and impartial hearing officer; and (4) the disciplinary conviction be supported by "some evi-

dence." *See Kalwasinski v. Morse,* 201 F.3d 103, 108 (2d Cir.1999). The inmate may be denied a witness if the witness' testimony is redundant. *See Scott v. Kelly,* 962 F.2d 145, 146 (2d Cir.1992). The record shows Johnson received the required due process, thus the district court acted correctly.

We have examined plaintiff's remaining claims and we find them without merit.