**Precious BANKOLE, Petitioner–Appellant,**

v.

**IMMIGRATION & NATURALIZATION SERVICE, Pam Richards, John A. Danaher, III. Respondent–Appellee.**

**Docket No. 02–2587.**

United States Court of Appeals, Second Circuit.

June 5, 2003.

Jeffrey B. Rubin, Boston, MA, for Plaintiff–Appellant.

James K. Filan, Jr., Assistant United States Attorney, for Kevin J. O'Connor, United States Attorney for the District of Connecticut (Jeffrey A. Meyer, on the brief), for Respondent–Appellee.

PRESENT: CALABRESI, SACK, Circuit Judges, and GARAUFIS, District Judge.*

### SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 5th day of June, two thousand and three.

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the judgment of the district court be and it hereby is VACATED AND REMANDED.

This appeal involves a habeas petition by an alien who is trying to avoid deportation to Nigeria, where she fears that she would be subjected to life-threatening prison conditions and be unable to care for her American-born son, who has Down's Syndrome. The district court denied the petition. We vacate and remand on the basis of intervening case law.

### I. BACKGROUND

The petitioner, Precious Bankole, is a Nigerian and lawful permanent resident of the United States, where she has lived since 1972. In 1996 federal prosecutors, claiming that she served as a nominee owner of expensive cars for her drug-dealing son, charged her with conspiracy to engage in money laundering, perjury, and obstruction of justice. She was convicted on these counts and sentenced to 63 months' imprisonment.

---

* The Honorable Nicholas G. Garaufis of the United States District Court for the Eastern District of New York, sitting by designation.

The INS then initiated removal proceedings. Trying to avoid deportation, Bankole invoked various statutory exceptions. She sought cancellation of removal pursuant to Immigration and Nationality Act ("INA") § 240A(a), 8 U.S.C. § 1229b; asylum pursuant to INA § 208, 8 U.S.C. § 1158; withholding of removal pursuant to § 241(b)(3)(A), 8 U.S.C. § 1231(b)(3); family hardship relief pursuant to INA § 212(h), 8 U.S.C. § 1182(h); and withholding of removal under the Convention Against Torture ("CAT"), 1465 U.N.T.S. 85, G.A. Res. 39/46, 39th Sess., U.N. GAOR Supp. No. 51, at 197, U.N. Doc. A/39/51 (1984), 23 I.L.M. 1027 (1984). Because Bankole had been convicted of an aggravated felony and sentenced to more than five years' imprisonment, the immigration judge ruled that she was ineligible for any of these forms of relief except withholding pursuant to the CAT. As for the CAT, the immigration judge, relying on State Department reports, found that while Nigerian prison conditions were "harsh and life threatening," it was not likely that Bankole, if deported, would be tortured within the meaning of the CAT. Accordingly, the judge denied relief on this ground as well. The BIA affirmed summarily.

Bankole, pro se, then filed the instant 28 U.S.C. § 2241 habeas petition, in which she restated the arguments she had made to the IJ and BIA, and further contended that her counsel in the administrative proceedings was ineffective. The district court denied her petition, holding, inter alia, that it lacked jurisdiction to consider the CAT claim because the torture convention was not "self-executing." Still pro se, Bankole appealed on two grounds, asserting (1) that the district court erred in not considering (and vindicating) her CAT argument, and (2) that under Judge Weinstein's recent decision in *Beharry v. Reno*, 183 F.Supp.2d 584 (E.D.N.Y.2002), she is entitled to a hearing, pursuant to § 212(h) of the INA, on whether the order of deportation against her should be waived due to the "substantial hardship" her deportation would cause to her disabled citizen child.[1]

## II. DISCUSSION

Not long after the district court's entry of judgment in this case, we decided *Wang v. Ashcroft*, 320 F.3d 130 (2d Cir.2003), in which we held that the Foreign Affairs Reform and Restructuring Act of 1988, which implements the relevant article of the Convention Against Torture, does not deprive the federal courts of habeas jurisdiction to review the BIA's denial of claims for withholding of removal pursuant to the CAT. *Id.* at 142. The government concedes that, in light of *Wang*, the district court erred in not passing on Bankole's CAT claim, but the government asks us to affirm the IJ's denial "on the merits," rather than remanding to the district court.

We decline the invitation. It is, of course, "our settled practice to allow the district court to address arguments in the first instance." *Farricielli v. Holbrook*, 215 F.3d 241, 246 (2d Cir.2000). We see nothing in the case before us that warrants a departure from this practice.[2] Accordingly, we remand for the district court to consider the CAT arguments.

1. At some point after she submitted her brief on appeal, Bankole secured counsel, who has filed a reply brief on her behalf.

2. We find ourselves ill-equipped to decide the CAT claim, as the parties have not included in the appendices on appeal the State Department reports and other documents that were

before the IJ. In addition, there is some reason to believe that the CAT claim may be nontrivial, as in a recent case a BIA panel found Nigerian prison conditions to be so bad as to create a likelihood of torture for a woman, with health problems, whom the INS sought to deport on the basis of her felony

As for the possible *Beharry* application, this too is best considered in the first instance by the district court on remand. The government asks us instead to find a "waiver" of the *Beharry* argument, as it was not made to the court below. We think this inappropriate, as the petitioner was pro se and as such cannot fairly be expected to have had a nimble familiarity with the most recent, relevant case law. *Cf. Small v. Sec. of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir.1989) ("To require a pro se plaintiff ... to wade through the case law of this Circuit in order to preserve her right to appellate review would be an unreasonable burden.") On remand, the district court may wish to consider (1) whether the plaintiff's failure to make a *Beharry*-type argument during the administrative proceedings (when she was counseled) amounts to a waiver; (2) whether, assuming *arguendo* that *Beharry* was rightly decided, petitioner was entitled to a § 212(h) hearing; (3) whether *Beharry*'s "international law" gloss on § 212(h) is correct;[3] and/or (4) any other arguments that the court deems relevant to the petitioner's request for a § 212(h) hearing. We, of course, express no view on any of the above arguments.

Accordingly, the judgment of the district court is VACATED, and the case is REMANDED for further proceedings consistent with this order.

---

drug convictions. The panel was reversed by the BIA en banc. But there were several dissenting voices. *See In re M–B–A–*, 23 I. & N. Dec. 474, 2002 WL 31201697 (BIA 2002). (Bankole testified in proceedings before the BIA that she suffered from thyroid and uterine ailments for which she needed surgery.)

3. On appeal in *Beharry*, we found a lack of exhaustion and vacated the district court's decision without expressing an opinion on whether Judge Weinstein correctly employed international law to determine the effect of recent amendments to the Immigration and Nationality Act. *See Beharry v. Ashcroft*, 329 F.3d 51 (2d Cir.2003).