Shirley SMALL, Plaintiff–Appellant,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,
Defendant–Appellee.

Docket No. 89–6031.

United States Court of Appeals,
Second Circuit.

Argued Oct. 17, 1989.

Decided Oct. 17, 1989.

Opinion Dec. 14, 1989.

Nancy Morawetz, Joyce Tom, Legal Intern, Laurie Norris, Legal Intern, Washington Square Legal Services, New York City, for plaintiff-appellant.

Benito Romano, U.S. Atty., S.D.N.Y., Sapna V. Raj, Sp. Asst. U.S. Atty., S.D. N.Y., New York City, for defendant-appellee.

Before LUMBARD, MESKILL and WINTER, Circuit Judges.

PER CURIAM:

This is a motion to dismiss an appeal from an order of the United States District Court for the Southern District of New York, Edelstein, J., granting defendant-appellee's motion to dismiss the complaint for lack of subject matter jurisdiction. Defendant-appellee Secretary of Health and Human Services (the Secretary) moves to dismiss plaintiff's appeal for failure to object to the magistrate's report and recommendation, which the district court adopted. The motion was argued before this Court on October 17, 1989, at which time we denied the Secretary's motion. We write to clarify the basis for that ruling.

BACKGROUND

Plaintiff-appellant Shirley Small (Small) sought a hearing before an Administrative Law Judge (ALJ) on the Secretary's decision to terminate her social security income benefits. After Small failed to attend several scheduled hearings, the ALJ dismissed her request for a hearing. The Secretary's Appeals Council refused to review the ALJ's decision, and Small commenced this action *pro se* to obtain review of the ALJ's dismissal pursuant to 42 U.S.C. § 405(g). The Secretary moved pursuant to Fed.R. Civ.P. 12(b)(1) to dismiss the complaint for lack of subject matter jurisdiction on the basis that no final decision of the Secretary

existed for the district court to review. *See* 42 U.S.C. § 405(g) (district courts may review any "final decision" of the Secretary).

Pursuant to 28 U.S.C. § 636(b)(1)(B), the district court referred the motion to Magistrate Leonard Bernikow. On August 25, 1987, the magistrate issued a report recommending that plaintiff's complaint be dismissed without prejudice. The report stated that the parties "are hereby advised of their right to file objections to this report with Judge Edelstein on or before September 14, 1987. *See* Fed.R.Civ.P. 72(b), 6(a), 6(e)." Small never objected to the magistrate's report, and by order dated November 28, 1988 the district court adopted the magistrate's recommendation and dismissed the complaint. Small appeals from that order and the Secretary moves to dismiss the appeal for Small's failure to object to the magistrate's report.

## DISCUSSION

We have adopted the rule that failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision. *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir.1988); *see McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir.1983); *John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc.*, 588 F.2d 24, 29–30 (2d Cir. 1978), *cert. denied*, 440 U.S. 960, 99 S.Ct. 1502, 59 L.Ed.2d 773 (1979). The Supreme Court upheld this practice, at least when the parties receive clear notice of the consequences of their failure to object. *See Thomas v. Arn*, 474 U.S. 140, 155, 106 S.Ct. 466, 474, 88 L.Ed.2d 435 (1985). In the present case, the magistrate's report notified the parties of the ten day time limit on their right to object, but made no mention of our rule that failure to object will preclude further judicial review. Moreover, even if Small had attempted to locate the specific Federal Rules of Civil Procedure cited at the end of the magistrate's report, none of those rules would have informed her of the potential waiver of appellate review because our waiver rule is set forth only in case law. To require a

*pro se* plaintiff such as Small to wade through the case law of this Circuit in order to preserve her right to appellate review would be an unreasonable burden.

Accordingly, we hold that a *pro se* party's failure to object to a magistrate's report and recommendation within the ten day time limit prescribed by 28 U.S.C. § 636(b)(1) does not operate as a waiver of the right to appellate review of the district court's adoption of the magistrate's recommendation unless the magistrate's report explicitly states that failure to object to the report within ten (10) days will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and rules 72, 6(a) and 6(e) of the Federal Rules of Civil Procedure.

Motion denied.