101 F.3d 1393
 78 A.F.T.R.2d 96-6231
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Phillip J. BIANCO, Plaintiff-Appellant,
v.
U.S. DEPARTMENT OF EDUCATION; Connecticut Student Loan
Foundation; Connecticut Bank & Trust Company,
N.A. Defendants-Appellees.
 No. 96-6050.
 United States Court of Appeals,
Second Circuit.
 Aug. 16, 1996.
 
 Phillip J. Bianco, pro se, New York City, for Appellant.
 Kathleen M. Riedy, Assistant United States Attorney, S.D.N.Y., New York City, Robin B. Kipnis, Connecticut Student Loan Foundation, Rocky Hill, CT, for Appellees.
 Present: CALABRESI, PARKER, Circuit Judges. POLLAK, Senior District Judge.*
 UPON CONSIDERATION of this appeal from an order of the United States District Court for the Southern District of New York (Wood, J.), it is hereby
 
 
 1
 ORDERED, ADJUDGED, AND DECREED that the decision be and it hereby is AFFIRMED.
 
 
 2
 Phillip J. Bianco, pro se, appeals from an order of the United States District Court for the Southern District of New York (Wood, J.) entered on January 30, 1996 granting the United States Department of Education's ("DOE") motion to dismiss for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1).
 
 
 3
 Bianco's complaint alleged that the DOE wrongly requested that the Internal Revenue Service seize his tax refunds for the years 1989 and 1991 by an administrative offset to satisfy a debt stemming from his alleged default on two $2500 student loans. The DOE moved for summary judgment and also to dismiss the claim for want of jurisdiction. In December of 1995, United States Magistrate Judge Ronald L. Ellis issued a report and recommended that the DOE's motion to dismiss under Rule 12(b)(1) be granted and the remaining claims dismissed for lack of jurisdiction. The magistrate judge stated that written objections to the report and recommendation should be filed within ten days and warned that failure to file timely objections may constitute a waiver of those objections. Noting that Bianco had failed to object to the report and recommendation, the district court subsequently adopted the magistrate judge's recommendations. Bianco appeals the district court's order.
 
 
 4
 A party who fails to make objections to a magistrate's report within ten days after it is served waives further judicial review of the magistrate's opinion. For pro se litigants, a failure to object does not waive the right to review "unless the magistrate's report explicitly states that failure to object to the report within ten (10) days will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and rules 72, 6(a) and 6(e) of the Federal Rules of Civil Procedure." Small v. Secretary of Health & Human Serv. 892 F.2d 15, 16 (2d Cir.1989). Magistrate Ellis stated in his report and recommendation, citing the relevant rules and statute, that "[f]ailure to file timely objections may constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals." (emphasis added). The magistrate's statement is inadequate to ensure that a litigant without counsel will understand the consequences of a failure to object to the magistrate's report. For this reason, we find that Bianco did not waive his right to review by failing to object to the report within ten days.
 
 
 5
 Because there was no waiver, we must consider the merits of Bianco's appeal. The DOE concedes that the magistrate erred in recommending that Bianco's claim be dismissed for lack of subject matter jurisdiction. This court may, however, affirm an appealed decision on any ground that finds support in the record. See Leecan v. Lopes, 893 F.2d 1434, 1439 (2d Cir.), cert. denied, 496 U.S. 929 (1990). Since the DOE moved for summary judgment below and Bianco introduced evidence to oppose that motion, we are free to consider the merits of Bianco's claim.
 
 
 6
 1. Disability. Bianco asserts that the administrative offset was improper because he is disabled, and his disability requires DOE to cancel his student loans. However, the regulation providing for cancellation where a debtor is totally and permanently disabled requires that the debtor file both a disability claim form and a supporting physician's statement, 34 C.F.R. 682.402(c), and Bianco admits that he has not done either.
 
 
 7
 2. Disclosure to a Consumer Reporting Agency. Bianco argues that the DOE erred in failing to report his alleged default to a credit agency. Although agencies are normally required to report a past-due debt eligible for refund offset to a consumer reporting agency, 26 C.F.R. § 301.6402-6T, they are not required to do so when information concerning the debt is obsolete. Such information is obsolete if it is more than seven years old. 15 U.S.C. § 1681(c). Since the Connecticut Student Loan Foundation certified Bianco as eligible for the tax refund offset program more than seven years after Bianco defaulted on the loans, the DOE was not required to report the debt to a consumer reporting agency. 15 U.S.C. § 1681(c).
 
 
 8
 3. Partial Payment of the Loans. Bianco contends that he repaid approximately $4000 of his student loans. Even if he had repaid this amount by the time of the first offset, the sum of the remaining balance of the loan and the not contested interest was greater than the total of the two offsets. It is therefore undisputed that the amount owed by Bianco exceeded the amount of the offsets.
 
 
 9
 4. Statute of Limitations. Bianco claims that the offsets were barred by the statute of limitations. But, the Higher Education Technical Amendments of 1991, 20 U.S.C. § 1091a, retroactively eliminated the statutes of limitations on all actions (including tax offsets) to recover on defaulted student loans.
 
 
 10
 5. Notice. Bianco claims that he was denied due process because he received inadequate notice of his default. Bianco, however, admits that he received notice of the pending first offset together with information regarding the administrative procedures to challenge the offset. He did nothing to contest the offset.
 
 
 11
 We have examined all of Bianco's contentions and found them to be without merit.
 
 
 12
 Accordingly, we affirm the district court's decision on the ground that summary judgment was appropriate in this case.
 
 
 13
 The district court's decision is affirmed.
 
 
 
 *
 The Honorable Louis H. Pollak, Senior District Judge of the United States District Court for the Eastern District of Pennsylvania, sitting by designation