Donald **JENNER**, Plaintiff,

v.

David **CURTIN**, Correctional Officer; T. Shultis, Correctional Officer; Wayne L. Strack, (Then Superintendent of the Fishkill Correctional Facility); Sergeant Henderson, Defendants.

No. 96–CV–0684 (RSP/RWS).

United States District Court, N.D. New York.

Oct. 16, 1997.

---

Donald Jenner, Syracuse, NY, pro se.

Dennis C. Vacco, Attorney General of State of New York, Albany, NY (Howard L. Zwickel, Assistant Attorney General, of counsel), for Defendants.

## ORDER

POOLER, District Judge.

Plaintiff Donald Jenner filed a civil rights law suit protesting his confinement to Fishkill Correctional Facility's Special Housing Unit ("SHU") from September 8, 1994, to September 21, 1994. Jenner alleged that the defendant correctional officers confined him based on charges that had been dismissed while he was incarcerated at another correctional facility. Jenner was released from SHU after a hearing officer again found him not guilty. Defendants moved for judgment on the pleadings, arguing that (1) Plaintiff was not deprived of a liberty interest as a result of his pre-disciplinary confinement and (2) the filing of false charges does not state a claim for relief. Jenner did not oppose the defendants' motion. In a report-recommendation filed September 18, 1997, Magistrate Judge Ralph W. Smith, Jr., recommended that I grant defendants' motion. Jenner did not file timely objections. *See* Fed.R.Civ.P. 72(b).

Because Jenner did not file objections, I review the report-recommendation to determine whether there is clear error on the face of the record. Fed.R.Civ.P. 72(b). I find no clear error. Jenner's brief stay in SHU pending a disciplinary hearing did not deprive him of a liberty interest. *See Frazier v. Coughlin*, 81 F.3d 313, 317 (2d Cir.1996) (holding that twelve days in the SHU was not the "type of atypical, significant deprivation in which [New York] might conceivably create a liberty interest." (quoting *Sandin v. Conner*, 515 U.S. 472, 486, 115 S.Ct. 2293, 2301, 132 L.Ed.2d 418 (1995))). Moreover, prison inmates do not have a "constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest." *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir.1986). Therefore, it is

ORDERED that the report-recommendation is approved; and it is further

ORDERED that defendants' motion for judgment on the pleadings is granted; and it is further

ORDERED that the Clerk serve a copy of this order on the parties by regular mail.

### *REPORT–RECOMMENDATION*

September 18, 1997.

RALPH W. SMITH, Jr., United States Magistrate Judge.

This *pro se* civil rights action was referred to the undersigned for report and recommendation by the Honorable Rosemary S. Pooler pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c). Plaintiff, a former New York State inmate, brought his 42 U.S.C. § 1983 civil rights action against four employees of the Fishkill Correctional Facility ("Fishkill") for alleged constitutional deprivations which occurred while he was housed there. Plaintiff alleges that, upon his transfer to Fishkill from Otisville Correctional Facility ("Otisville"), he was told that he would be confined

to Special Housing Unit ("SHU") for possessing other inmates' legal work and lying in violation of prison regulations. He claims that he had previously been charged with the same violations in 1993 and that those charges were ultimately dismissed. He further alleges that Sergeant Henderson, one of the three defendants who allegedly escorted him to SHU, informed him that the charges were based on his investigation of the incident which included a conversation with Superintendent Strack who told him that the plaintiff was not authorized to do other inmates' legal work. Plaintiff alleges that he spent fourteen days in SHU with loss of privileges while awaiting a disciplinary hearing and that the charges were ultimately dismissed in light of testimony from Lieutenant Cheeseman and Corrections Officer Rubik of Otisville. Plaintiff claims that defendants violated his due process rights and that their conduct constituted both harassment and degradation. He seeks $150.00 in compensatory damages for each day he was confined in SHU and $5,000 in punitive damages.

Defendants have filed a Motion for Judgment on the Pleadings seeking dismissal of the complaint for failure to set forth a claim upon which relief can be granted. Plaintiff has failed to submit any opposition to defendants' motion despite service of the motion upon him at the latest address given by him following his release from confinement and from which no prior mail has been returned undeliverable and despite the passage of one year during which nothing has been heard from plaintiff.

### Discussion

After due consideration, the Court recommends that the amended complaint be dismissed for the reasons amply supported and thoroughly articulated in defendants' memorandum of law. It is hereby

**RECOMMENDED**, that the defendants' motion be granted and the complaint dismissed, and it is hereby

**ORDERED**, that the Clerk of the Court serve a copy of this Report–Recommendation, by regular mail, upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.** *See Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir.1993); *see also Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir.1989); 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72, 6(a), 6(e).

Dated: September 17, 1997 Albany, New York.