Michael MERCER, Plaintiff,

v.

ACTING COMMISSIONER OF DOCS; Daniel Senkowski; Superintendent at Clinton Correctional Facility; Senior Mail Clerk at Clinton Correctional Facility, Defendants.

No. 97–CV–0337 (RSP/DRH).

United States District Court, N.D. New York.

Jan. 29, 1998.

Michael Mercer, Napanoch, NY, pro se.

**ORDER**

POOLER, District Judge.

By Order and Report–Recommendation of Magistrate Judge David R. Homer filed on June 2, 1997 ("June Report–Recommendation"), the initial complaint filed by Michael Mercer ("Mercer") was found to be illegible and Mercer was advised that in order to proceed with this action, he was required to submit an amended complaint that was "clearly print[ed] or preferably type[d] . . . and double space[d]". *See* dkt. no. 4 at 2. Thereafter, Mercer submitted an amended complaint (dkt. no. 5) which was also found to be deficient. Specifically, the Magistrate Judge noted that such pleading was single spaced, handwritten and largely illegible. Because it did not cure the defects delineated in the June Report–Recommendation, Magistrate Judge Homer, by Order and Report–Recommendation filed July 30, 1997 ("July Report–Recommendation"), afforded Mercer thirty (30) additional days in which to file a second amended complaint in the form outlined in the July Report–Recommendation. *See* dkt. no. 7. In that Report–Recommendation, Magistrate Judge Homer ordered that any amended complaint filed by Mercer "be *typewritten* and *double spaced.*" [1] *Id.* at 3. Mercer failed to file any objections to the July Report–Recommendation. Instead, he untimely submitted a second amended complaint.[2] The second amended complaint is again handwritten, in a form that is largely illegible, and is not typewritten or double spaced as properly required by the July Report–Recommendation.[3] *See* dkt. no. 8.

After reviewing the entire file herein and for the reasons set forth hereinabove, I adopt the July Report–Recommendation of the Magistrate Judge and dismiss this action, without prejudice, due to Mercer's failure to

---

1. Magistrate Judge Homer noted that Mr. Jones of the Inmate Record Office at Eastern Correctional Facility advised the Court that typewriters are available for inmate use in the law library of such facility. *See* dkt. no. 7 at 3.

2. The filing deadline for Mercer's second amended complaint was September 2, 1997—30 days after service of the July Report–Recommendation plus 3 days for mailing. *See* dkt. no. 7. Mercer did not file his second amended complaint until September 9, 1997. *See* docket no. 8.

3. I have attached a photocopy of a page of plaintiff's second amended complaint as an example of plaintiff's nearly illegible handwriting.

file an amended complaint in accordance with the terms of the Magistrate Judge's July Report–Recommendation. Should Mercer choose to file a new action, his complaint shall be **typewritten** and **double spaced**.

WHEREFORE, it is hereby

ORDERED, that the Report–Recommendation of Magistrate Judge David R. Homer filed July 30, 1997 (dkt. no. 7) is hereby adopted and approved, and it is further

ORDERED, that this action is dismissed, without prejudice, for the reasons stated above, and it is further

ORDERED, that the Clerk serve a copy of this Order on Mercer by regular mail.

IT IS SO ORDERED.

## ATTACHMENT

Feb 17, 1993, Dec 21, 1993 March 18, 1995. Where a Correspondence Unit Employees Used and abuse of Process to Change Plaintiff's Relatives (Loshawn Edee) Mailing Address from 34-38 112 Street, to 94 Rolling Drive Ridgewood N.Y. To Stop Plaintiff from Corsponding Well his Relatives and Break Communications With his Family Members Where Ms Loshawn Eebly Was Listed on Plaintiff Correspondence List from Aug 31, 1992, to Aug, 1997 as Next of Ken Where She Would be the Person to contact in Case of Emergency Concerning the Plaintiff Where Plaintiff States his Constitutional Rights Accorded to him by the Fourteenth Amendment of the United States Constitution was Violated by the Obstruction of Plaintiff Letter to his Relatives Where Plaintiff States the deprivation by the Correctional Employees who Were Employeed in the Correspondence Unit at Clinton Correctional Facility of his letter to his Relatives Violated the Due Process Clause of the fourteenth Amendment Where Plaintiff States his Liberty interest was Violated (See (A)(B)(C) See Hewitt v Helms 459 US. Ct. 472, 103 S.Ct. at 871

## ORDER and REPORT–RECOMMENDATION

HOMER, United States Magistrate Judge.

### I. Background.

Presently before this Court for review is an amended complaint and signed inmate authorization form filed by Michael Mercer ("plaintiff" or "Mercer"). See docket nos. 5 and 6, respectively. Such complaint and inmate authorization form were submitted by Mercer in compliance with the undersigned's Order and Report–Recommendation signed on May 29, 1997. See docket no. 4 ("Report–Recommendation").

### II. Discussion.

(A) Amended complaint.

When the Court reviewed plaintiffs initial complaint, the undersigned noted that same was illegible and that Mercer was therefore required to submit an amended complaint in this action. Report–Recommendation at 1–2. Plaintiff was informed that he was to "clearly print or, preferably type, ... and double space the lines of text" in the body of such amended complaint. Id. at 2. Mercer's amended complaint consists of three pages of single-spaced, handwritten allegations of misconduct against individuals employed by the New York State Department of Corrections. See docket no. 5. While certain portions of Mercer's amended complaint can be deciphered by the Court, the majority of the allegations in plaintiff's complaint, as written, are still illegible.[1] Thus, such amended complaint fails to comply with the undersigned's Report–Recommendation.

Since it is impossible for the Court to ascertain the allegations in plaintiff's amended complaint, the Court recommends that if Mercer fails to file a second amended complaint *within thirty (30) days* of the date of the service of this Order and Report–Recommendation, this action be dismissed.

Any such amended complaint, *which shall supersede and replace in its entirety the previous complaint filed by plaintiff,* must contain a caption that clearly identifies, by name, each individual that Mercer is suing in the present lawsuit. In light of the illegibility of Mercer's handwriting, the amended complaint must be *typewritten* and *double spaced.*[2]

Additionally, such complaint must contain *sequentially numbered paragraphs containing only one act of misconduct per paragraph.* Thus, if Mercer claims that his civil and/or constitutional rights were violated by more than one defendant, or on more than one occasion, he shall include a corresponding number of paragraphs in his amended complaint for each such allegation, with each paragraph specifying (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; (iv) where appropriate, the location where the alleged misconduct occurred and (v) the nexus between such misconduct and plaintiff's civil and/or constitutional rights.

While Mercer may attach exhibits to his amended complaint, he shall not incorporate them by reference as a means of providing the factual basis for his claims. Thus, plaintiff must name the individuals whom he seeks to include as defendants herein in both the caption and the body of Mercer's amended complaint; he may not rely on the fact that individuals are named in the exhibits attached to his amended complaint as a means of including such persons as defendants to this lawsuit. Plaintiff may, of course, attach exhibits to his amended complaint, however, the Court will not independently examine exhibits that Mercer does not specifically reference (by the exhibit's page number) in his amended complaint.

Mercer's amended complaint shall also assert claims against each and every defendant named in such complaint, and shall be filed with the Court *within thirty (30) days* from the date of the service of this Order and

---

1. The Court has attached a photocopy of the first page of plaintiff's statement of facts in this amended complaint as an example of this problem.

2. The Court has been advised by Mr. Jones of the Inmate Record Office at Eastern Correctional Facility that typewriters are available for inmate use in the law library of such facility.

Report–Recommendation. *Any defendants not named in such pleading shall not be defendants in the instant action.* Plaintiff is further cautioned that no portion of any prior complaint shall be incorporated into his amended complaint by reference. Moreover, Mercer shall submit only one amended complaint in accordance with the terms of this Order and Report–Recommendation. Therefore, *plaintiff shall state in the single amended complaint filed in accordance with the terms of this Order and Report–Recommendation all claims that he wishes this Court to consider as a basis for awarding plaintiff relief herein.*

(B) In forma pauperis application.

Turning to plaintiffs in forma pauperis application, the Court notes that the Report–Recommendation ordered Mercer to either submit the $150.00 filing fee or an inmate authorization form which authorized the disbursement from plaintiffs inmate account, of $150.00, to the Court. See docket no. 4 at 2–3. On July 2, 1997, Mercer filed with the Court an inmate authorization form which authorizes the disbursement of $150.00 from his inmate account. See docket no. 6. Since the inmate authorization complies with such Report–Recommendation, the Court finds that Mercer may properly proceed with this action in forma pauperis.

WHEREFORE, it is hereby

RECOMMENDED, that if plaintiff fails to file a typed, double-spaced amended complaint *within thirty (30) days* from the date of the service of this Order, the instant action be dismissed due to plaintiffs failure to comply with the requirements of this Order, and it is further

RECOMMENDED, that if plaintiff fails to allege specific acts of misconduct as to any of the individuals named in any amended complaint filed herein, the instant action be dismissed with respect to the individuals against whom the plaintiff has failed to allege specific acts of misconduct, and it is further

ORDERED, that upon the filing of plaintiffs amended complaint as directed above, the file in this matter be returned to the undersigned for further review, and it is further

ORDERED, that leave to proceed or prosecute this action in forma pauperis is granted, and it is further

ORDERED, that the Clark serve a copy of this Order on the plaintiff by regular mail.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have ten (10) days within which to file written objections to the foregoing report-recommendation. Such objections shall be filed with the Clerk of the Court. *FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW, Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir.1993) (citing *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir.1989)); 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 6(a), 6(e) and 72.

IT IS SO ORDERED.

July 29, 1997.

ATTACHMENT

4. **FACTS**

Set forth the facts of your case which substantiate your claim of violation of your civil and/or Constitutional rights.  List the events in the order they happened, naming defendants involved, dates and places.

Note:    Each fact should be stated in a separate paragraph; paragraphs should be numbered sequentially.

You must include allegations of wrongful conduct as to EACH and EVERY defendant in your complaint.

You may use additional sheets as necessary.

_[Handwritten text, largely illegible. Partial reading:]_

Plaintiff states that his legal mail to the New York City Courts of Claim, complaints filed were obstructed on June 16, 1995 & July, 1995, and again on March 1994 where his certified mail return receipt was seen by a correctional officer, to stop plaintiff from filing a civil action against the New York City Police Department. Plaintiff states his mail to Bishop _[illegible]_, Bishop of the Office of Bethel of the Roman Catholic Church located in Brooklyn D.C. was obstructed to stop him from _[illegible]_ ... Plaintiff states his letter to Mt. Vincent _[illegible]_ Cinderella Systems Administration located at 80 Centre Street was obstructed by the correctional employees who were involved, at that time ... the correctional employees who were involved at that time only takes on the complaint on the consequence, and at _[illegible]_ correctional facility, where the source mail clerk who is the supervisor of the mail room, who is under the supervisor of _[illegible]_ ... who is the chief warden of Center Correctional Facility, who was under the supervisor of _[illegible]_ commissioner Philip D. _[illegible]_, plaintiff states he suffered _[illegible]_ and mental harm the obstruction of his legal and filed mail ... plaintiff states ...

Form E (1) (a) . 3