Steven Ray MORGAN, Plaintiff,

v.

Nilda DARDIZ, Defendant.

No. 96–CV–1152 (RSP/DRH).

United States District Court,
N.D. New York.

Jan. 29, 1998.

Steven Ray Morgan, Schenectady, NY, Pro se.

Cusick, Hacker & Murphy, L.L.P. (Roger J. Cusick, of counsel), Latham, NY, for Defendant.

## ORDER

POOLER, District Judge.

The above matter comes to me following a report-recommendation and order by Magistrate Judge David R. Homer, duly filed on the 19th day of November, 1997. Dkt. No. 12. Following ten days from the service thereof, the clerk has sent me the entire file, including any and all objections. Plaintiff Steven Ray Morgan filed no objections.

In his report-recommendation, the magistrate judge recommended that I dismiss this lawsuit pursuant to Local Rule 41.2(b) because plaintiff failed to comply with the rule and inform the court of his current address. Although plaintiff informed the court of a change in his address in August 1996, Dkt. No. 3, this address no longer is valid because the post office returned both dismissal papers that defendant attempted to mail to plaintiff at that address and the November 19, 1997, report-recommendation and order that the clerk's office sent to that address. Dkt. Nos. 11, 13. Because plaintiff failed to inform the court of his current address, his complaint must be dismissed. Therefore, after reviewing the entire file in this matter, it is

ORDERED that the report-recommendation is approved, and

ORDERED that the complaint is dismissed, and it is further

ORDERED that the clerk serve a copy of this order upon the parties by regular mail.

IT IS SO ORDERED.

### REPORT–RECOMMENDATION AND ORDER[1]

HOMER, United States Magistrate Judge.

#### I. Background

Plaintiff pro se filed this action pursuant to 42 U.S.C. § 1983 while incarcerated at the Albany County Jail. The complaint was filed on July 16, 1996. The Court has received no communication from plaintiff since August 9, 1996 when he notified the Court of a change of address. Docket No. 3. This Court's Pretrial Order dated June 11, 1997 was mailed to plaintiff at that last known address, but was returned marked "Return to Sender." Docket No. 6.

Defendant has now filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). Docket No. 8. Defendant's attempt to serve plaintiff, at his last known address with the papers related to that motion was unsuccessful. Docket No. 11. The Court has received

1. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

no further notice of any change of address from plaintiff.

## II. Discussion

Litigants have an ongoing obligation to keep the Court informed of any change in address that may occur during the pendency of an action. N.D.N.Y.L.R. 10.1(b). Plaintiff is clearly aware of this requirement, having previously notified the Court of an address change. Docket No. 3. This notification is essential to the orderly disposition of cases. As has been previously noted in this district, "[i]t is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions". *Dansby v. Albany County Correctional Facility,* No. 95–CV–1525, 1996 WL 172699, at *1 (N.D.N.Y. Apr. 10, 1996) (Pooler, J.). Failure to notify the Court of a change in address is grounds for dismissal of the action. N.D.N.Y.L.R. 41.2(b); *Dansby,* 1996 WL 172699, at *1.

In the absence of service of defendant's motion upon plaintiff, that motion will not be considered. However, it is plaintiff's failure to comply with the local rules that has prevented defendant from effecting service of that motion. Accordingly, it is recommended that this action be dismissed for plaintiff's failure to advise the Court of the change of his address.

## III. Conclusion

**WHEREFORE,** for the reasons stated above it is

**RECOMMENDED** that this action be **DISMISSED** pursuant to Local Rule 41.2(b); and it is

**ORDERED** that the Clerk of the Court serve a copy of the Report–Recommendation and Order, by regular mail, upon parties to this action.[2]

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir.1993); *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir.1989); 28 U.S.C. § 636(b)(1); Fed. R.Civ.P. 72, 6(a), 6(e).

Dated: November 19, 1997.

---

2. The Clerk is directed to mail plaintiffs copy of the Report–Recommendation and Order to the last known address of plaintiff.