**ALSTOM POWER INC.,**

v.

**SCHWING AMERICA INC.**

No. 3:04CV1311(JBA).

United States District Court,
D. Connecticut.

March 23, 2006.

Patrick M. Fryer, Steven Berglass, Seeley & Berglass, New Haven, CT, for Plaintiff.

Alan H. Maclin, Jeffrey F. Shaw, Briggs & Morgan, St. Paul, MN, Barry J. Waters, Murtha Cullina LLP, New Haven, CT, for Defendant.

## RULING ON PLAINTIFF'S MOTION FOR DISCOVERY AND FOR CONTINUANCE UNDER FEDERAL RULES OF CIVIL PROCEDURE, RULE 56

MARGOLIS, United States Magistrate Judge.

On August 6, 2004, plaintiff commenced this action against defendant with regard to a contract under which defendant agreed to provide services, materials, equipment and products to plaintiff for construction of a power plant (Dkt.# 1); plaintiff's Amended Complaint, filed December 29, 2005, asserts the seven following counts: breach of contract (First Count), unjust enrichment (Second Count), misrepresentation (Third Count), failure to procure insurance (Fourth and Fifth Counts), violation of the Connecticut Unfair Trade Practices Act, CONN. GEN. STAT. § 42–110a *et seq.* (Sixth Count), and misrepresentation with respect to insurance (Seventh Count)(Dkt.# 66). On September 28, 2004 and January 17, 2006, defendant filed its answers to the original complaint and to the Amended Complaint, respectively (Dkts.## 22 & 73), with affirmative defenses.

On August 24, 2004, this case was referred by U.S. District Judge Janet Bond Arterton to this Magistrate Judge. (Dkt.# 10). Under the latest Scheduling Order, filed January 6, 2006 (Dkt.# 71), all discovery was to be completed by January 31, 2006.[1] On February 8, 2006, this Magistrate Judge filed her Ruling on Plaintiff's Motions to Compel (Dkt.# 77)["February Ruling"]. With respect to plaintiff's request for additional documents, the February Ruling held:

> The Magistrate Judge shares the concern of defense counsel that plaintiff has waited until the eve of the close of discovery to make these requests. However, given the limited number of requests made, defendant shall provide the documents requested on page 2 of plaintiff's ... letter, to the extent that it has not done so previously. Defendant shall comply on or before February 28, 2006.

(At 5)(emphasis omitted). With respect to plaintiff's request for additional depositions, the February Ruling held:

> Defense counsel is correct that plaintiff had virtually all of November and all of December in which to notice depositions of any additional employees of defendant, including McConville and others. In the absence of Tillman's deposition testimony, and given the lateness of plaintiff's motion, on the eve of the close of discovery, plaintiff's Motion for Order Compelling Defendant To Produce a Responsive Deponent to Plaintiff's Rule 30(b)(6) Notice of Deposition (Dkt.# 68) is denied. However, if after receiving defendant's anticipated Motion for Summary Judgment by February 28, 2006, plaintiff believes that it needs the deposition of McConville or others, it may file an appropriate affidavit under FED. R. CIV. P. 56(f), seeking additional discovery or depositions.

(*Id.* at 3–4)(emphasis omitted).

Consistent with the deadline set by this Magistrate Judge (*see* Dkt. # 71), on February 24, 2006, defendant filed its Motion for Summary Judgment. (Dkts.## 78–82). On March 7, 2006, plaintiff filed the pending Motion for Discovery and Continuance under

---

**1.** The deadline for the completion of discovery was originally September 1, 2005 (Dkt.# 28), and then extended to December 1, 2005 (Dkts.## 48 & 61), then extended to January 3, 2006 at plaintiff's request (Dkts.## 63–64), and last extended to January 31, 2006 at plaintiff's request and over defendant's objection (Dkts.## 67, 70–71).

Federal Rules of Civil Procedure, Rule 56, and brief and affidavit in support (Dkts.## 83–85).[2] Six days later, defendant filed its brief in opposition. (Dkt.# 87).[3] One week thereafter, plaintiff filed its reply brief. (Dkt.# 88).[4]

◼ In its motion and brief, plaintiff argues that additional discovery and depositions are needed on the following topics, in order for plaintiff to file a brief in opposition to defendant's motion: (1) defendant's assertions on the testing or review by defendant with respect to the performance or non-performance of the services, engineering, materials, manufacturing and/or system provided by defendant either to plaintiff and/or the Redbank project; (2) defendant's assertions of information or knowledge pertaining to payments received or made by defendant on services, engineering, materials and system involving either plaintiff or the Redbank project; (3) defendant's assertions concerning the construction schedule and failures at the Redbank project; and (4) defendant's assertions regarding defendant's role as plaintiff's insurer as alleged in the Amended Complaint, and insurance required at the Redbank project. (Dkt. # 83, at 3–6). Plaintiff additionally argues that defendant failed to comply with the February Ruling, in that additional documents and depositions are required on the following topics: (1) defendant's performance in relation to delay and the Redbank project; (2) contracts/purchase orders and payments/invoices to vendors and/or subcontractors; (3) insurance coverage; (4) testing and review of the services, engineering, materials, and system; and (5)

electronic and archived documents. (*Id.* at 6–10 & Exhs. B, D–E).

In its brief in opposition, defendant asserts that on February 21, 2006, it responded to each of plaintiff's specific requests, providing 225 new documents, in addition to the 6,000 pages of documents produced in April 2005. (Dkt. # 87, at 1–2 & Exh. A). As to many of plaintiff's categories of documents, such as insurance coverage, purchase orders and invoices, project book, and electronic documents, defendant represents that these documents were produced on February 21, 2006 or before. (*Id.* at 2–3). In addition, defendant maintains that every exhibit in support of its motion was produced in discovery, was discussed at a deposition, or is publicly available. (*Id.* at 3 & Exh. B).

In its reply brief, plaintiff contends that defendant's representations are "inaccurate," in that defendant failed to produce all the documents required by the February Ruling (Dkt. # 88, at 1–3), that plaintiff was diligent in its pursuit of documents because it did not realize how many documents were missing until the November 2005 depositions (at 3–5 & Exh. B), and that plaintiff is still missing the relevant insurance documentation (at 5).

Plaintiff's motion (Dkt.# 83) is *granted in part*—if there are any additional documents responsive to the nine categories identified by plaintiff above which have not been produced to plaintiff, defendant shall comply *on or before April 21, 2006*; if there are no further responsive documents, defendant shall respond, *under oath*, that there are no further responsive documents, *on or before April 7, 2006*.[5]

---

**2.** The following five exhibits were attached: copy of plaintiff's Notice of Deposition of Defendant Schwing America. Inc., dated January 20, 2005, copy of plaintiff's First Request for Production of Documents to Defendant Schwing America, Inc., dated December 22, 2004, copy of plaintiff's Motion for Order Compelling Defendant Schwing America, Inc. to Produce a Responsive Deponent to Plaintiff's Rule 30(b)(6) Notice of Deposition, filed December 30, 2005 (with attachments)(Exh. A); copies of letters from plaintiff's counsel to defense counsel, dated March 6, 2006 and December 28, 2005 (Exhs. B & E); copy of the February Ruling (Exh. C); and excerpts from the deposition transcripts of Franz Tillman, taken on November 11, 2005, of Thomas A. Lyons, taken on November 29, 2005, and of Nancy Predatsch, taken on November 10, 2005 (Exh. D).

**3.** Attached is a copy of a letter from defense counsel to plaintiff's counsel, dated February 21, 2006 (Exh. A), and a Table of Contents (Exh. B).

**4.** Attached is a copy of plaintiff's Second Request for Production of Documents, dated May 12, 2005 and a copy of defendant's Response to Plaintiff's Second Request for Production of Document, dated June 17, 2005 (Exh. A), and copies of letters from plaintiff's counsel, dated September 27, July 21, August 2, September 21, September 27, and September 30, 2005 (Exh. B).

**5.** If any counsel believes that a continued settlement conference before this Magistrate Judge would be productive (*see* Dkt. # 56), he should contact Chambers accordingly.

■ This is not a Recommended Ruling but a Ruling on discovery, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

*See* 28 U.S.C. § 636(b)(**written objections to ruling must be filed within ten days after service of same**); FED. R. CIV. P. 6(a), 6(e) & 72; Rule 2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; *Small v. Secretary, H & HS*, 892 F.2d 15, 16 (2d Cir.1989)(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).