**Brian PORTER, Plaintiff–Appellant,**

v.

**John E. POTTER, Defendant–Appellee.**

No. 05–6422–cv.

United States Court of Appeals, Second Circuit.

March 12, 2007.

Brian Porter, pro se, Jamaica, NY, for Appellant.

Kevan Cleary, Assistant United States Attorney (Varuni Nelson, on the brief), for Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Brooklyn, NY, for Appellee.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. RICHARD J. CARDAMONE, Hon. ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

Plaintiff *pro se* Brian Porter appeals from the judgment of the United States District Court for the Eastern District of New York (Amon, *J.*), dismissing the employment discrimination action he brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, for failure to timely exhaust administrative remedies. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

The report and recommendation of the magistrate judge ("R & R") pursuant to Fed.R.Civ.P. 72(b) concluded that Porter had failed to exhaust administrative remedies as to each of his three discrimination claims, and recommended that summary judgment be granted. The docket sheet indicates that objections by Porter (if any) were due on September 12, 2005. The district court granted an extension to September 23, 2005. Porter did not file any objections before the extended deadline; on September 28 the district court adopted

the R & R in its entirety and dismissed Porter's complaint.

"[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision." *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir.1989) *(per curiam); see also Marcella v. Capital Dist. Physicians' Health Plan, Inc.*, 293 F.3d 42, 46 (2d Cir.2002); *United States v. Male Juvenile*, 121 F.3d 34, 38–39 (2d Cir.1997). We may excuse this waiver in the interest of justice, *see Male Juvenile*, 121 F.3d at 39, but we decline to exercise our discretion to do so here, as the record reflects no injustice that would be remedied by reaching the merits of Porter's claims.

For the reasons set forth above, the judgement of the district court is hereby **AFFIRMED.**