10-239-cv
Hughes v. McWilliams

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of April, two thousand eleven,

PRESENT:
> PIERRE N. LEVAL,
> ROBERT A. KATZMANN,
> PETER W. HALL,
> > *Circuit Judges*.

––––––––––––––––––––––––––––––––––––––––––––––––––––

Terry Hughes,

> *Plaintiff-Appellant*,

v.                                                                          No. 10-239-cv

Tim McWilliams, Saddle River Police Chief, Saddle River Police Department, Borough of Saddle River, New Jersey, New York City Police Department, New York City, NY, Westchester County Department of Corrections, Westchester County, New York, Catherine Bartlett, then Legal Counsel, County of Orange, Goshen, NY, Francis Phillips, District Attorney, Orange County, NY, Edward Diana, County Executive, County of Orange, NY, Jane Doe, County of Orange, NY, County Attorney for Orange City, NY, Goshen, F.B.I. Supervisor, James Comey, Kenneth Maxwell, Stephen Miller, Keith Talbert, Donald Weber,

> *Defendants*,

Daniel Hourihan, Timothy Conway, Orange County Sheriff Department, County of Orange, NY,

> *Defendants-Appellees*.

––––––––––––––––––––––––––––––––––––––––––––––––––––

For Plaintiff-Appellant:          Terry Hughes, *pro se*, Washingtonville, N.Y.

For Defendants-Appellees:         Ross E. Morrison, Assistant United States Attorney
                                  (Benjamin H. Torrance, *of counsel*), *for* Preet Bharara,
                                  United States Attorney for the Southern District of New
                                  York, New York, N.Y., *for* Defendant-Appellee Daniel
                                  Hourihan.

                                  Hyun C. Kim, Senior Assistant County Attorney, *for* David
                                  L. Darwin, County Attorney of Orange County, Goshen,
                                  N.Y., *for* Defendants-Appellees Timothy Conway, Orange
                                  County Sheriff Department and County of Orange, N.Y.


Appeal from a judgment of the United States District Court for the Southern District of New York (Wood, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Terry Hughes appeals from the December 16, 2009 judgment of the district court granting the defendants' motion for summary judgment dismissing the complaint in its entirety. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the specification of issues on appeal.

We review a district court's grant of summary judgment *de novo*, *see Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003), resolving all ambiguities and drawing all inferences in favor of the nonmoving party, *see Nationwide Life Ins. Co. v. Bankers Leasing Ass'n, Inc.*, 182 F.3d 157, 160 (2d Cir. 1999). Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

As an initial matter, we find that Hughes has waived his right to challenge the district

2

court's dismissal of his First Amendment retaliatory-arrest claim because he failed to object to the magistrate judge's report and recommendation regarding this claim after Hughes received sufficient notice that such failure would preclude appellate review. *See Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam) (stating that *pro se* party's failure to object to magistrate judge's report and recommendation operates as a waiver of any further judicial review where the party has received clear notice of the consequences of failing to object).

Upon our independent review of the record, we find no error in the district court's grant of summary judgment dismissing Hughes's claims for false arrest and malicious prosecution. We have considered Hughes's arguments on appeal and find them to be without merit. For substantially the reasons stated by the district court in its thorough and well-reasoned opinion and order, *see Hughes v. McWilliams*, No. 04 CV 7030 (KMW), 2009 WL 4823940 (S.D.N.Y. Dec. 15, 2009), the judgement of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk