11-1318-cv
Ingram v. Herrick

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of April, two thousand twelve.

PRESENT:
>> ROBERT D. SACK,
>> DEBRA ANN LIVINGSTON,
>> GERARD E. LYNCH,
>> *Circuit Judges.*

_____

Weldon Ingram,

>> *Plaintiff-Appellant*,

>> v.                                                          11-1318-cv

Stephen W. Herrick, Supreme Court Judge; David Soares, District Attorney; Carmen M. Warner, Assistant District Attorney; Gail Moore; Rachel Coleman, Detective; Sei B. Gendham, M.D.; Michael Radosevich, M.D.; Raymonda Tompkins, M.D.; Jean Pierre, M.D.; David Robinson, M.D.; Brian L. Zerbe, M.D.; Sergeant Williams; William Carter; Joseph C. Teresi, Supreme Court Judge; Lisa Seidel, Social Worker; Sue Tillman, Social Worker; Suzanne Nicklas, Case Management Nurse; Kristina Comeau, Social Worker; Tracey Rice; Dr. Mesmer, M.D.; Stephanie, R.N.; Officer Nadareski, Police Officer.

>> *Defendants-Appellees*.

_____

FOR APPELLANT:          Weldon Ingram, *pro se*, Attica, New York.

FOR APPELLEES:          No appearance.

Appeal from a judgment of the United States District Court for the Northern District of New York (Sharpe, *J.*; Treece, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Weldon Ingram ("Appellant"), proceeding *pro se*, appeals the district court's *sua sponte* dismissal of his complaint brought pursuant to 42 U.S.C. § 1983. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

This Court has recognized that the failure to timely object to a magistrate judge's report and recommendation generally operates as a waiver of any further judicial review, as long as all parties receive clear notice of the consequences of their failure to object. *See Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam). A *pro se* party's failure to object to a magistrate judge's report within the time limit prescribed by 28 U.S.C. § 636(b)(1) does not operate as a waiver "unless the magistrate's report explicitly states that failure to object to the report within [fourteen] days will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and [R]ules 72, 6(a) and 6(e) of the Federal Rules of Civil Procedure." *Id.*

Here, the magistrate judge gave Appellant adequate notice that he was required to file objections to the report and recommendation, specifically informing him that failure to object to the report would preclude appellate review and citing the pertinent statutory and civil rules. While Ingram filed numerous letters addressing the report and recommendation, he did not make any specific objections to the report. Objections "devoid of any reference to specific findings or

recommendations to which [one] objected and why" are insufficient to preserve appellate review. *See Mario v. P&C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002).

Were we to overlook Appellant's waiver and review the decision below, we would affirm based on our independent review of the record and relevant caselaw. *See* 28 U.S.C. §§ 1915(e), 1915A. Appellant, who admits he has been convicted in New York state court, seeks the dismissal "of all charges or time serve[d] for all known and unknown charges." Compl. at 4. When "a prisoner's victory in a § 1983 suit would necessarily demonstrate the invalidity of his conviction or sentence," the § 1983 suit must be dismissed, since a habeas petition is the appropriate vehicle by which to request relief from illegal confinement. *McKithen v. Brown*, 481 F.3d 89, 102 (2d Cir. 2007) (emphasis omitted); *see also Heck v. Humphrey*, 512 U.S. 477, 481-82, 487 (1994).

We have considered all of Appellant's arguments on appeal and have found them to be without merit. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED** and Appellant's motion for default judgment is **DENIED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk