Coleman v. Trader Joe's Corp.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of March, two thousand thirteen.

PRESENT:
> Dennis Jacobs,
> > *Chief Judge,*
> Amalya L. Kearse,
> Susan L. Carney,
> > *Circuit Judges.*

_____

Kato Coleman,

> *Plaintiff-Appellant,*

> v.                                                     12-387

Trader Joe's Corporation,

> *Defendant-Appellee.*

_____

**FOR APPELLANT:**          Kato Coleman, *pro se*, Roosevelt, New York.

**FOR APPELLEE:**           Mark W. Robertson and Matthew F. Damm, O'Melveny & Myers LLP, New York, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Feuerstein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Kato Coleman, *pro se*, appeals the district court's dismissal of his lawsuit against Trader Joe's Corporation for his refusal to comply with discovery orders and his failure to prosecute his claim (pursuant to Federal Rules of Civil Procedure 16(f), 37(b)(2)(A), and 41(b)). We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

"[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision." *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam). However, a *pro se* party's failure to object to a magistrate's report within the fourteen-day time limit (prescribed by 28 U.S.C. § 636(b)(1)) usually will not operate as an appellate waiver, "unless the magistrate's report explicitly states that failure to object to the report within [fourteen] days will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and [Federal Rules of Civil Procedure 72 and 6(a)]." *Id.*

Coleman failed to object to the magistrate judge's report and recommendation after receiving clear notice that a failure to do so would result in a waiver of his right to appellate review. In giving Coleman notice, the magistrate judge explicitly cited 28 U.S.C. § 636(b)(1) and Federal Rules of Civil Procedure 72 and 6(a). Accordingly, Coleman has waived his right to appellate review.

2

We have considered Coleman's remaining arguments on appeal and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk