*Ghosh v. N.Y.C. Hous. Auth.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of May, two thousand twenty-six.

PRESENT:
> RICHARD C. WESLEY,
> RICHARD J. SULLIVAN,
> JOSEPH F. BIANCO,
> > *Circuit Judges.*

_____

Shyamal Ghosh,

> *Plaintiff-Appellant*,

> v.                                                                                              No. 23-822

New York City Housing Authority,

> *Defendant-Appellee*.

_____

For Plaintiff-Appellant:  SHYAMAL GHOSH, *pro se*, Elmhurst, NY.

For Defendant-Appellee:  ANDREW M. LUPIN, Of Counsel, *for* David Rohde, General Counsel, New York City Housing Authority, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Analisa Torres, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Shyamal Ghosh, proceeding *pro se*, appeals from the district court's dismissal of his employment-discrimination action against his employer, the New York City Housing Authority ("NYCHA"). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, to which we refer only as necessary to explain our decision.

In broad strokes, Ghosh alleged that NYCHA violated federal and state law when it refused to promote him on the basis of his race, age, ethnicity, and national origin and then retaliated against him when he complained of that discrimination.

2

After the district court twice granted Ghosh leave to amend his complaint to comply with Federal Rule of Civil Procedure 8(a)'s "short and plain statement" requirement, NYCHA moved to dismiss his revised second amended complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The motion was referred to a magistrate judge, who recommended granting NYCHA's motion and dismissing the complaint for failure to state a claim and failure to comply with Rule 8(a). *Ghosh v. N.Y.C. Hous. Auth.*, No. 21-cv-6139, 2023 WL 3612553 (S.D.N.Y. Feb. 27, 2023). When Ghosh did not object to the magistrate judge's report and recommendation ("R&R"), the district court adopted the R&R in its entirety and dismissed Ghosh's claims. *Ghosh v. N.Y.C. Hous. Auth.*, No. 21-cv-6139, 2023 WL 3746617 (S.D.N.Y. Mar. 20, 2023).

When a litigant has received "clear notice of the consequences" of his failure to timely object to an R&R and still does not object, he forfeits "further judicial review of the magistrate's decision." *Mario v. P&C Food Mkts.*, 313 F.3d 758, 766 (2d Cir. 2002); *see also Nambiar v. Cent. Orthopedic Grp.*, 158 F.4th 349, 359 & n.2 (2d Cir. 2025) ("We use the term forfeiture to describe a party's failure to raise an argument rather than waiver, which is reserved for a party's intentional

3

relinquishment of a known right." (internal quotation marks omitted)). This rule applies to *pro se* litigants when they receive proper notice. *See Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (describing notice that must be afforded to *pro se* litigants in an R&R before they may be deemed to have forfeited objections). And a *pro se* litigant will be deemed to have received such notice when the R&R contains a warning "explicitly stat[ing] that failure to object to the report within ten (10) days will preclude appellate review and specifically cit[ing] 28 U.S.C. § 636(b)(1) and rules 72, 6(a) and 6(e) of the Federal Rules of Civil Procedure." *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (quoting *Small*, 892 F.2d at 16)).

Here, the magistrate judge provided that explicit notice: The R&R emphatically stated that failure to file objections within fourteen days would preclude appellate review and cited 28 U.S.C. § 636(b)(1) and Federal Rules of Civil Procedure 6(a), 6(d), and 72. *Compare Ghosh*, 2023 WL 3612553 at *14, *with Small*, 892 F.2d at 16. By failing to object to the R&R's legal conclusions, Ghosh has

4

forfeited appellate review.[1]

* * *

We have considered Ghosh's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] Although we may excuse a failure to object "in the interests of justice," *Roldan*, 984 F.2d at 89, we decline to do so here because Ghosh makes no argument why his case meets that high bar, *see generally* Ghosh Br. at 5–8; Reply Br. at 2–9.